# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 15-1820

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Michael J. Longs

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: November 16, 2015
Filed: November 27, 2015
[Published]

——————————

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

——————————

PER CURIAM.

Defendant Michael Longs pled guilty in 2010 to conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. On May 15, 2012, Longs was sentenced to a term of imprisonment of 27 months, with credit for time served, and was placed on supervised release for a period of 5 years. On February 5, 2015, a petition for revocation was filed alleging five violations of the terms of supervised release. Longs

admitted to one Grade C violation: that he had violated the terms of his supervised release by committing another federal, state, or local crime. The remaining allegations were dismissed. On March 31, 2015, the district court[1] sentenced Longs to 25 months imprisonment with no supervised release to follow. Longs now challenges the substantive reasonableness of that sentence.

We review the substantive reasonableness of a sentence imposed after a revocation of supervised release for abuse of discretion. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). A district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors. Id. Here, the district court varied upward from the Guidelines sentencing range of 5–11 months and imposed a sentence of 25 months—the remainder of Longs' 5-year term of supervised release—with no additional supervised release to follow. In imposing this sentence, the district court considered the recommendation of the probation officer that Longs "remain in custody for the remainder of his supervised release," noted that Longs had previously benefited from a downward departure, and stated that the sentence was imposed "to reflect the seriousness of the . . . offense, to promote respect for the law, to provide for just punishment, [and] to afford deterrence." Longs argues that the nature and circumstances of his violation were not sufficiently serious to justify the upward variance, particularly given the reasonable alternatives available to the court.

We are unable to conclude that the district court committed a clear error of judgment in weighing the appropriate sentencing factors in this case. The district court's consideration of Longs' previous downward departure was justified by Application Note 4 to USSG § 7B1.4, and there is nothing to suggest that the court

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

gave this factor unduly significant weight. Furthermore, while the district court deviated upward from the Guidelines sentencing range, the record shows that the court did so after considering all relevant facts, including the probation officer's recommendation. In accepting this recommendation the court noted the probation officer's assessment that, despite his intelligence and ability to work hard, Longs had other problems that made him particularly difficult to supervise. The court ultimately concluded that while a number of factors weighed in Longs' favor, imposing a term of imprisonment equal to the remainder of his term of supervised release was the most appropriate sentence in light of the sentencing factors set out in 18 U.S.C. § 3553(a) and the facts of the case. The district court is best placed to make these assessments, and while the court "may give some factors [more or] less weight than a defendant prefers, . . . that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010). Similarly, though Longs cites several cases in support of his argument that his case is not as serious as other cases where we have upheld similar sentences, that alone does not demonstrate that the district court made a clear error of judgment in imposing the sentence on the facts and circumstances of this case.

Accordingly, we conclude that Longs' sentence was not substantively unreasonable, and affirm the judgment of the district court.

_____