# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4339

_____

United States of America

*Plaintiff - Appellee*

v.

Zachary Logan Tew

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 10, 2018
Filed: March 2, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Zachary L. Tew pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

The district court[1] sentenced him to 12 months and 1 day imprisonment and two years of supervised release. He violated the terms of release. The court revoked the release, sentencing him to 60 months. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Tew admitted violating the conditions of his supervised release by: failing to comply with mental-health and substance-abuse treatment; using controlled substances, including meth and marijuana; associating with persons engaged in criminal activity; failing truthfully to answer all inquiries; failing to schedule a substance-abuse evaluation; failing to comply with drug testing; failing to report to his probation officer; and leaving the judicial district without permission. He denied other alleged violations, including possessing a firearm or ammunition. After testimony from a narcotics agent, the court found "the government has easily carried its burden of proof by a preponderance of the evidence and established each and every one of the violations not admitted by Mr. Tew." Finding "28 different violations," the court imposed a (probation office recommended) sentence of 60 months—the statutory maximum.

Tew believes his sentence—"double the top of the Guidelines range" (24 to 30 months)—is substantively unreasonable because "the sentencing court made a clear error of judgment in weighing the relevant sentencing factors." This court "review[s] the substantive reasonableness of a sentence imposed after a revocation of supervised release for abuse of discretion." *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015). Imposing the statutory maximum, the district court said:

> Well, here are what I think are the aggravating factors. I gave you a huge break in your original sentence, and in my view you've completely squandered it. It's also aggravating that the day after you started your

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

supervised release—you started on February 8 according to the paperwork in the petition, and on February 9 you violated your supervised release. That's one of the least serious of your many violations by not reporting to the mental health treatment at the Community Family Resources Center in Fort Dodge, Iowa.

You have by my count—I may be off a couple—28 violations. There are some very serious violations, felon in possession of a firearm. Even if the firearm in the automobile wasn't yours which strikes me as pretty hard to believe given the fact that you had a loaded magazine on your person, that alone is a felon in possession of ammunition, violation of federal law. You apparently admitted to law enforcement that you sold 20 pounds of methamphetamine in a relatively short period of time. So that's a very serious violation.

You fled when you were being apprehended. That's a substantially aggravating factor. You failed to appear for a prior revocation hearing and absconded, and that's a very serious matter. So based on the number of violations, the seriousness of the violations, I don't have any problem going to the statutory maximum. Matter of fact, I would go much higher if I could, but I'm constrained by Congress's statutory maximum.

The court—the one that imposed the initial sentence—properly considered all relevant factors, including his history and characteristics, violations on supervised release, and leniency at the original sentencing and prior revocation hearings. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) (noting that the judge who sentenced defendant after violating supervised release—the one who imposed the initial sentence—therefore "was aware of [defendant's] history and characteristics"). The court's decision to weigh the factors differently from Tew is not an abuse of discretion. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). The sentence was not substantively unreasonable. *See United States v. Cotton*, 399 F.3d 913, 915-17 (8th Cir. 2005) (holding a 46-month revocation sentence, up from range of 7 to 13 months, not unreasonable based upon repeated

violations of supervised release, substantial reduction of original sentence, and drug abuse).

* * * * * * * *

The judgment is affirmed.

_____