# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2219

_____

United States of America

*Plaintiff - Appellee*

v.

Lamonte Dior Dickens

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 13, 2018
Filed: May 30, 2018
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Lamonte Dior Dickens pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced him

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

to 37 months' imprisonment and three years' supervised release. After prison, he violated the conditions of release. The court revoked the release, sentencing him to five months' imprisonment and two years' supervised release. After prison, he again violated the conditions of release. The court revoked the release, sentencing him to 11 months' imprisonment and 20 months' supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Dickens believes the district court clearly erred in finding he violated the conditions of his supervised release. This court reviews "the district court's decision to revoke supervised release for an abuse of discretion." *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015). "[T]he court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." *Id.*

Dickens challenges violation 2 which says:

**Violation 2**: On May 9, 2017, the defendant appeared before Chief U.S. Magistrate Judge C.J. Williams for a scheduled Detention Hearing. Following this hearing, as the defendant was being escorted out of the courtroom, the defendant made eye contact with this officer and Assistant U.S. Attorney (AUSA) Justin Lightfoot and was overheard saying, "I'm gonna slap that bitch." Additionally, on May 16, 2017, the defendant contacted this officer from the Linn County, Iowa, Correctional Facility. During this conversation, the defendant stated, "I don't think I should be going back to prison just for saying I slap you." This officer spoke with AUSA Lightfoot regarding the defendant's statement following his Detention Hearing and during his phone conversation with this officer. The government is prepared to present evidence at revocation proceedings that the defendant has committed the federal offense of Influencing, Impeding, or Retaliating Against a Federal Official by Threatening or Injuring a Family Member as defined under Title 18 U.S.C. § 115, punishable by not more than one (1) year imprisonment.

At the revocation hearing, Dickens contested this violation. Deputy United States Marshal Michael Gloeckner testified. He said that on May 9, 2017, Dickens said "slap that bitch" while looking in the direction of his probation officer, Rhonda Moyle. On cross-examination, Deputy Gloeckner admitted he could not "say with certainty that Mr. Dickens's comments were directed at Ms. Moyle." Officer Moyle also testified. She said Dickens stared at her throughout his detention hearing. Exiting the courtroom, he looked at her and said, "I'm gonna slap that bitch." Officer Moyle believes the comment was directed at her. When she spoke with Deputy Gloeckner, he said he shared her belief. On May 16, Dickens called Officer Moyle from jail. In a recording from the conversation, Dickens says something like, "I don't think I should be going back to prison for saying I slap you." Dickens testified the comment was not directed at Officer Moyle. Instead, he claimed he said, "I should have slapped that bitch," referring to a female resident at the residential center where he had been staying.

At the close of evidence, the district court made factual findings:

> On the allegations in the petition. The Court's findings are by a preponderance of the evidence.
>
> . . . .
>
> In terms of the new law violation, which is violation 2, the Court finds by a preponderance of the evidence that Mr. Dickens did say in reference to Officer Moyle and to Officer Moyle "I'm gonna slap that bitch," and in addition to that testimony and that incident, he made admissions to saying that when he called her on the telephone. Now, he may not have had the petition that was filed with the court, but he knew what had happened in the courtroom with reference to her.
>
> The Court has looked at Title 18 United States Code Section 115, which makes it a federal crime to try to influence, impede, or retaliate against a federal official by threatening or injuring a family member, and the

Court finds that that has been established by a preponderance of the evidence.

Crediting the testimony of Deputy Gloeckner and Officer Moyle, the district court found Dickens committed violation 2 based on a preponderance of the evidence. "The district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *United States v. Manzano-Huerta*, 809 F.3d 440, 445 (8th Cir. 2016) (internal quotation marks omitted). The district court did not clearly err in finding this violation. *See United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) ("Our review, then, is not to determine what conclusion we might reach in the case were we to sit as the finders of fact, but to determine whether the district court's factual findings amount to clear error.").

Dickens contends his 11-month sentence (guidelines 5 to 11 months) is substantively unreasonable. This court "review[s] the substantive reasonableness of a sentence imposed after a revocation of supervised release for abuse of discretion." *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015). "The district court abuses its discretion when it does not consider a factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or makes a clear error of judgment." *United States v. White*, 840 F.3d 550, 554 (8th Cir. 2016). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

In sentencing Dickens, the court said that it "carefully considered each and every factor under 18 United States Code Section 3553(a) that applies in a revocation proceeding." The court also discussed his dangerous behavior, lack of commitment to counseling, poor impulse control, and lack of truthfulness:

-4-

And Mr. Dickens is dangerous. He doesn't like to admit his assaultive past, but it's a matter of record. In his presentence investigation report, he's been intimidating, aggressive, and violent since at least age 15 when, if you can believe it, he assaulted an alternative high school teacher. That's age 15, and the assaultive behavior continued. He likes to pick on women. There are some men here that he has assaulted or some people whose names I can't tell if they're men or women. But clearly, this is his pattern of behavior.

And I'm just shocked at his complaint toward Officer Moyle, that she didn't get him the help that he needed. As a matter of fact, in the supervision summary, we see that he had been referred on May 2nd for an evaluation at St. Luke's Chemical Dependency Service, on May 8th, he was referred to Thinking for a Change, but he couldn't even hold it together long enough to get to those classes and start to work on his problems. So he wants everything instantaneously, and that doesn't—that's not how the world works. You have to get the programming scheduled, which Officer Moyle did, but he had to—he was in everybody's face and being aggressive and threatening before he could even get to the class work.

I am very concerned about his inability to control himself. He's threatening, aggressive, impulsive. He doesn't understand the seriousness of his offense. He thinks this is no big deal, and that is extremely concerning, and is also counterintuitive for somebody who says that they want help. The first thing you have to do is accept your behavior and realize that it is improper and that it is causing you problems, as well as the people that you are threatening.

He's not truthful. Today he testified under oath and was not truthful in this courtroom.

So the Court finds, after a full consideration of everything I know about him, that the appropriate disposition, the sentence that is appropriate under all the facts and circumstances, is a revocation of probation—or of supervision and a return to prison for Mr. Dickens, 11 months, followed by 20 months of supervised release.

The court did not abuse its discretion imposing a within-guidelines sentence.

* * * * * * * *

The judgment is affirmed.

_____