# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2471

_____

United States of America

*Plaintiff - Appellee*

v.

John R. Moniz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2018
Filed: June 12, 2018
[Unpublished]

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

John R. Moniz pled guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court[1] sentenced him to 30 months'

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

imprisonment and five years' supervised release. While on release, he killed a man. In state court, he was charged with first-degree murder, pled guilty to manslaughter, and was sentenced to 20-to-40 years. The federal court revoked his release, sentencing him to 18 months' imprisonment (consecutive to his state sentence) and five years' supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Moniz argues his below-guidelines sentence is substantively unreasonable. This court "review[s] the substantive reasonableness of a sentence imposed after a revocation of supervised release for abuse of discretion." *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015). "The district court abuses its discretion when it does not consider a factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or makes a clear error of judgment." *United States v. White*, 840 F.3d 550, 554 (8th Cir. 2016). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). "The decision to impose a consecutive sentence is also reviewed for reasonableness similar to an abuse of discretion standard." *United States v. French*, 719 F.3d 1002, 1009 (8th Cir. 2013).

Imposing the sentence, the court first responded to Moniz's argument that a consecutive sentence would "cause a detainer to be lodged against" him, resulting in "certain administrative consequences":

> [H]aving a detainer does have some effect on the programming available to a defendant when in custody of the state and the classification and the housing assignments. It does not mean that a[n] inmate is ineligible for any work programs or any educational programs. That's not the case. It does mean that the State Department of Corrections [e]nsure[s] that that inmate is going to be available to be turned over to federal authorities when the inmate's state term is complete, so a defendant is

not likely to be placed in a situation such as work release where the defendant could disappear and then not be available for the detainer.

So I'm aware that there are consequences and I understand Mr. Moniz's concern about those consequences in connection with his placement and custody level and programming.

A greater concern to me in this particular case is the protection of society. And with a consecutive sentence, I recognize that if the defendant is paroled from the State Department of Corrections, he's likely to be paroled to the detainer. And if there is no term of supervised release to follow the federal term, then Mr. Moniz is simply out on the street without supervision. And I don't think that's in the best interests of the protection of the public.

The court then explained:

So weighing all of those factors, including the defendant's history and characteristics, the need to avoid unwarranted sentencing disparities, the guideline calculation, which in this case would be 30 to 37 months but for the statutory maximum, what I am going to do is impose a term of 18 months' incarceration. That will be served consecutive to the state term. And that will be followed by a term of five years of supervised release.

The district court adequately explained the need for a consecutive 18-month sentence. The sentence was reasonable.

* * * * * * * *

The judgment is affirmed.

_____