# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1583

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Adam Fank

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: March 11, 2019
Filed: April 16, 2029
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Jeremy Fank's supervised release and sentenced him to 30 months' imprisonment and 6 months' supervised release. Fank appeals, arguing that his revocation sentence is substantively unreasonable. We affirm.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

About five years into Fank's original eight-year term of supervised release, the United States Probation Office filed a petition to revoke his supervised release, alleging twenty violations, some of which had subparts, including failing to report for substance abuse testing, violating the law by operating while under the influence, using alcohol, failing to report to his probation officer, and using a controlled substance. The district court found "that all of the alleged violations in the petition except for number 18 [had] been established." The district court then determined a criminal history category of III and an advisory sentencing guidelines range of 5 to 11 months. After considering the 18 U.S.C. § 3553(a) factors, the court varied upward and sentenced Fank to 30 months' imprisonment and 6 months' supervised release.

Fank argues that his sentence is substantively unreasonable. He claims the district court abused its discretion by inadequately considering mitigating factors and improperly focusing on aggravating factors. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "A district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015) (per curiam); *United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009).

Fank first argues that the district court "inadequately considered mitigating factors . . . namely his work history, addiction, mental health, family dynamics, [and] remorse and acceptance." But the district court recognized Fank's success "for some period of time after starting supervision," his drug addiction, and his acknowledgment that he "made a few mistakes." Additionally, Fank informed the district court of his work history and the support of various family members. *See United States v. Grimes* 702 F.3d 460, 471 (8th Cir. 2012) ("We presume the district court considers such

matters as are presented to it."). Thus, the district court adequately considered the mitigating factors.

Fank next argues that the district court "inordinately focus[ed] on aggravating factors." He claims the district court "failed to adequately justify its substantial upward variance." The district court noted Fank's law violations,[2] failure to comply with substance abuse testing, failure to report to probation, "various instances of not being truthful with United States Probation," and a long series of positive sweat patch tests showing methamphetamine use. The district court reasoned that because of the "extreme extent" of Fank's conduct and the number of violations, "a very significant sentence [was] appropriate." The district court also noted its responsibility to protect the public and to deter criminal conduct. *See* 18 U.S.C. § 3553(a). It reasoned that a light sentence would not accomplish those goals.

"The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Given the extent of Fank's supervised release violations, this is not "the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016). The district court properly considered the aggravating factors and did not abuse its discretion.

We affirm.

_____

[2]Fank briefly argues that the district court abused its discretion by considering alleged violation eighteen to constitute a violation of law. But it is clear from the record that the district court merely observed that "even though [it] didn't find a law violation, clearly Mr. Fank had significant contact with law enforcement." Fank also argues that the district court improperly considered violation fifteen, but the record shows that Fank admitted that violation.