# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2609
_____

United States of America

*Plaintiff - Appellee*

v.

Katrina Pauline Shangreaux, also known as Katrina White Whirlwind

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 15, 2019
Filed: May 22, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Katrina Shangreaux to 480 months' imprisonment for second-degree murder. Shangreaux appeals, arguing that her sentence is substantively unreasonable. We affirm.

Returning home after drinking excessively, Shangreaux discovered that her two-year-old son K.S. had wet his bed. She took him to the bathroom to force him to use the toilet and hit him several times because she believed he was being defiant. The two returned to the bedroom, and Shangreaux hit K.S. with a belt. K.S. called Shangreaux "Angie," the name of a woman she "despised,"sending her into a rage. She threw K.S. to the ground and kicked him repeatedly. She also bit him and injured his scrotum.

Later, Shangreaux and her mother sat K.S. at the kitchen table and attempted to give him apple juice. K.S. fell to the ground and soiled himself. Shangreaux and her mother cleaned him and then called for help. An ambulance transported K.S. to the hospital where he was pronounced dead. The doctor who performed the autopsy concluded that K.S. suffered extensive and severe bruising over 70% of his body. He also found a rib fracture and bleeding in K.S.'s abdomen and brain.

Shangreaux pleaded guilty to second-degree murder. The district court found a total offense level of 39, a criminal history category of III, and an advisory sentencing guidelines range of 324 to 405 months. The district court varied upward and sentenced her to 480 months' imprisonment.

Shangreaux argues that her sentence is substantively unreasonable. She claims it is greater than necessary and that the district court erred because it did not consider her personal history and characteristics and sentences imposed in similar cases. *See*

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

18 U.S.C. § 3553.  She "further submits the court fundamentally sentenced her based on the court's personal outrage at her extreme offense conduct . . . and frustration with incidents of child killing," despite the fact that her "age and personal characteristics demonstrat[ed that] she was at a low risk of recidivism and a good candidate for rehabilitation."

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 51 (2007).  "A district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015) (per curiam).

First, the district court noted that it was obligated to consider Shangreaux's "personal history and characteristics" under § 3553(a).  Shangreaux's sentencing memorandum included a description of her personal history and characteristics, and Shangreaux acknowledges that the presentence investigation report "fairly summarizes the positive history and characteristics of her life."  "[W]e presume the district court considers such matters as are presented to it."  *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012).

Next, although Shangreaux alleges that the district court's sentence was based on personal outrage, the district court properly considered the facts of the case and the § 3553(a) factors.  The district court explained that it had considered the seriousness of the offense, the need for punishment, "[t]he manner in which this crime was committed," the need to deter future crimes, and the message to the larger community "that serious criminal conduct results in serious consequences." It further stated that it would impose a sentence "under the circumstances of this case, taking into account everyone that's spoken, everything that's been written, and the information available to [the district court]."

In addition, the district court properly observed that it had to consider unwarranted sentencing disparities. The district court compared Shangreaux's case to another case where a forty-year sentence was imposed, and the district court explained that it had gone "back and reviewed the factual basis statement" in that case. The district court also provided Shangreaux the opportunity to distinguish her case from the cases that the district court referenced and noted that she had cited other "cases and the sentences that were imposed in those cases" in her sentencing memorandum.

Finally, the district court did not abuse its discretion and impose a sentence "greater than necessary to promote the statutory purposes of sentencing." The district court noted that Shangreaux's murder of K.S. involved "a horrific, intentional infliction of pain; totally gratuitous; totally degrading." It pointed to K.S.'s torn scrotum, the use of a belt, and the bruising to 70% of his body in concluding that the murder was "a horrific, torturous, depraved, humiliating death for [K.S.]" In *United States v. Wisecarver*, 911 F.3d 554 (8th Cir. 2018), we affirmed a 480-month sentence for the second-degree murder of a child. Given the severe nature of Shangreaux's crime and the sentence imposed in *Wisecarver*, this is not "the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016).

We affirm Shangreaux's sentence.

_____