# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-1819

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Lashaun Maurice Perry, also known as Bishop

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: March 19, 2021
Filed: July 2, 2021
[Published]

——————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Lashaun Maurice Perry challenges the district court's[1] imposition of a 24-month sentence after the court revoked his second supervised release term. We affirm.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I. Background

In 2012, Perry pled guilty to unlawfully possessing a firearm as a felon, *see* 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced to 78 months of imprisonment followed by three years of supervised release. Upon release in 2018, he promptly violated his supervised release conditions by using alcohol, refusing to participate in substance abuse testing, and operating a motor vehicle while intoxicated. The district court sentenced Perry to 12 months of imprisonment followed by two years of supervised release.

Following his second release in August 2019, Perry again violated his supervised release conditions by failing to participate in substance abuse testing. Then, in February 2020, Perry was involved in a fight outside a strip club. Perry was later questioned by an officer and denied being involved in the fight. Perry's probation officer filed a petition to revoke Perry's supervised release, alleging four violations: (1) failing to participate in substance abuse testing; (2) communicating with felons or persons engaged in criminal activity; (3) failing to truthfully answer inquiries; and (4) committing new legal violations of willful injury to another. Perry admitted the first violation but denied the other three.

The district court held an evidentiary hearing and reviewed three videos, medical records, and testimony from two United States Probation Officers before making its factual findings as to the alleged assault. The district court found that on the night of the assault, Perry was at a strip club in Cedar Rapids, Iowa with Montrivel Woods, Maurice Bivens, and Brian Turner—all convicted felons. While in the club's parking lot near a food truck, Perry and his friends got into a ruckus with Michael Akers and two other males ("UM1" and "UM2"). After a security guard told the two groups to leave, they did so in their respective vehicles.

Akers's group then drove into a truck rental parking lot. After Akers got out of the car, he approached a barbeque grill, removed the propane tank, and put it in

the roadway where the car with Woods, Perry, Bivens, and Turner would travel. There is no evidence that Woods's car hit the tank on its way past. As Akers retreated to his car, Perry and the three men got out of their car and ran toward Akers and UM1. A physical altercation occurred between Bivens and Akers. Then, Bivens, Woods, Turner, and Perry physically assaulted Akers and UM1. The video shows Perry stomp on UM1 and punch Akers, knocking him unconscious.

The district court rejected Perry's self-defense argument and concluded that the government established Perry committed all alleged violations. The district court imposed the statutory maximum of 24 months of imprisonment with no additional supervised release.

## II. Discussion

On appeal, Perry first contends that the district court erred in determining that he committed a new state crime because he had acted in self-defense. Perry also argues that his sentence was substantively unreasonable. Neither argument prevails.

### A. Revoking Supervised Release

"The district court has the discretion to revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015) (citing 18 U.S.C. § 3583(e)(3)). We review the district court's revocation of supervised release for abuse of discretion, and we review its fact findings on the underlying violations for clear error. *United States v. Brown*, 947 F.3d 503, 505 (8th Cir. 2020). We will reverse a revocation decision only if we have "a definite and firm conviction that the [d]istrict [c]ourt was mistaken." *United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017) (quoting *Boyd*, 792 F.3d at 919). "Our review, then, is not to determine what conclusion we might reach in the case were we to sit as the finders of fact, but to determine whether the district court's factual findings

amount to clear error." *United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) (quoting *United States v. Jones*, 539 F.3d 895, 897 (8th Cir. 2008)).

Perry challenges the district court's rejection of his self-defense argument and the district court's findings of new legal violations. For self-defense to apply, Perry must show that he was "justified in the use of reasonable force when [he] reasonably believe[d] that such force [was] necessary to defend [him]self or another from any actual or imminent use of unlawful force." Iowa Code § 704.3. Reasonable force is defined as "that force and no more which a reasonable person, in like circumstances would judge to be necessary to prevent an injury or loss[.]" Iowa Code § 704.1.

Perry asserts that the initial altercation at the strip club involved an assault by Akers in which Akers struck Perry in and around his head. Perry maintains that he was "attempting to escape the assaultive, disruptive, and violent actions" when Akers placed the tank in the street, which justifies his assault on Akers. The district court concluded that even assuming Akers threw, rolled, or placed the propane tank in the street, it did not constitute an actual or imminent threat of unlawful force at the time of the assault. *See* Iowa Code § 704.3. We agree with this assessment. We see no self-defense justification that warranted Perry leaving his vehicle to attack Akers and UM1, particularly when Akers's action in relation to the propane tank had passed before the assault in the parking lot.

Moreover, the alleged assault on Perry by Akers at the strip club was both temporally and spatially distinct from the assault that Perry committed against Akers in the truck rental parking lot. The district court found that after Akers attempted to return to his car, Perry and his group ran after him to reinitiate the physical altercation. So, the punch was retaliatory in nature and not necessary to defend from an ongoing threat. *See State v. Delay*, 320 N.W.2d 831, 835 (Iowa 1982) ("Self-defense may operate as justification only if the act committed by the defendant was defensive, and not where it was retaliatory."). Here, the government met its burden "by proving . . . [t]he defendant initiated or continued the incident resulting in injury." *State v. Richards*, 879 N.W.2d 140, 148 (Iowa 2016) (quoting *State v.*

-4-

*Rubino*, 602 N.W.2d 558, 565 (Iowa 1999)).  Therefore, the district court did not clearly err in determining that the facts did not justify self-defense.

## B.  Length of Sentence

We next consider Perry's challenge to the substantive reasonableness of his sentence.  "We review the substantive reasonableness of a sentence imposed after a revocation of supervised release for abuse of discretion."  *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015).  "It will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *Petersen*, 848 F.3d at 1157 (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).  When applying the statutory factors under 18 U.S.C. § 3553(a), "[a] district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgement in weighing the appropriate factors."  *Longs*, 806 F.3d at 1001.

Perry advances two arguments: (1) the district court "failed to adequately consider the progress that [he] had undertaken while on supervision," and (2) the district court committed a clear error of judgement in rendering a "wholly unreasonable" sentence.  Both arguments fail.

Perry first argues that the district court weighed the severity of the injury to Akers too heavily and failed to adequately consider some § 3553(a) factors.  According to Perry, the district court failed to consider his employment, his improvements in substance abuse treatment, and his family life.  The record shows the opposite.  The district court was informed of Perry's substance abuse treatment, albeit through notice of him failing to participate in substance abuse testing.  The district court was also aware of Perry's employment and familial status through his counsel's arguments as well as a letter that Perry sent to the court.

Perry similarly argues that the district court only considered the severity of the injury to Akers in determining his sentence. Not so. The record shows the district court considered other factors including Perry's prior history of assaults, his conduct, protection of the public, his recidivism risk, multiple supervised release violations, and "the advisory guideline policy statement and statutes." Although Perry would have liked the district court to weigh the factors differently, that does not mean the district court abused its discretion. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

Finally, Perry challenges the substantive reasonableness of the statutory maximum sentence of 24 months—twice the Guidelines range. Considering the violence of the criminal conduct along with the three other supervised release violations, we conclude that the district court did not abuse its discretion in imposing a 24-month sentence. In turn, the revocation sentence was not substantively unreasonable. *See United States v. Nelson*, 453 F.3d 1005, 1006 (8th Cir. 2006) (upholding sentence above the advisory range due to defendant's multiple supervised release violations, need for deterrence and incapacitation, and history of alcohol abuse).

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____