United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3047
_____

United States of America

*Plaintiff - Appellee*

v.

John Provost

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: March 14, 2022
Filed: May 2, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2009, John Michael Provost, Jr. pled guilty to conspiracy to manufacture meth in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was sentenced to 150 months in prison and 48 months of supervised release. His first term of supervised release began in 2018. He violated the conditions of his release,

and the district court[1] sentenced him below the guidelines to 3 months in prison. On his second term of supervised release, he again violated the conditions of release. The district court sentenced him below the guidelines to 6 months in prison. On his third term of supervised release, he again violated the conditions of release. The district court sentenced him below the guidelines to 9 months in prison. In 2021, he began his fourth term of supervised release. He violated his conditions of release by driving while intoxicated. The district court sentenced him above the guidelines to 21 months in prison and no supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Provost believes his above-guidelines 21-month sentence (guidelines range was 8 to 14 months) was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Longs*, 806 F.3d 1001, 1001 (8th Cir. 2015). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Provost argues the district court failed to consider relevant mitigating factors including his completion of a drug treatment and education program and his mental health problems. This argument is without merit. The district court, who was thoroughly familiar with Provost's history, properly considered the § 3553(a) factors. It said:

> It's my concern based on past conduct that some day Mr. Provost is going to be in that kind of accident where he kills someone, and I have to take that into account and at least do what I can do to try to put that day off as much as I can.
>
> So as I weigh all of the factors including the very aggravating history of this case—I note the fact that Mr. Provost both in the Bureau of Prisons with the RDAP program and other treatment that he's had while

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

under probation supervision has had multiple opportunities both to get mental health treatment, substance abuse treatment, and continues at age 51 to behave this way. So it's time for a very significant sentence in this case. The prior sentences clearly have not worked. Mr. Provost is going to, I'm afraid, continue to do whatever he wants to do. While I'm glad he's gotten back in touch with his family, that should have been a reason to make sure he doesn't get sent back to prison. And instead he chose just the opposite.

So I do find after weighing all of the factors that Mr. Provost's supervised release needs to be revoked. I would be imposing a 24-month sentence here other than the fact that Mr. Provost accepted responsibility. So I'm going to reduce it to 21 months. But I find that no sentence less than 21 months on a fourth revocation for putting the public at risk, making the very poor and obvious decisions that he's made again in this case, and given his very significant criminal history, nothing less than 21 months is sufficient.

The district court did not abuse its discretion. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) ("Simply because the district court weighed relevant factors . . . more heavily than Farmer would prefer does not mean the district court abused its discretion.").

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

-3-