# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2897
_____

United States of America

*Plaintiff - Appellee*

v.

Louis McKay Hayes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota

_____

Submitted: January 13, 2023
Filed: July 10, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Louis Hayes pled guilty to Domestic Assault by an Habitual Offender and was sentenced to 21 months of imprisonment, followed by three years of supervised release. The same day he was released from imprisonment, Hayes began violating conditions of his supervised release, a pattern that continued over the next twelve

months. In August 2022, the district court[1] revoked Hayes's supervised release. Hayes, who had multiple previous tribal court convictions and jail sentences for simple assault and domestic violence, was categorized under the United States Sentencing Guidelines Manual ("Guidelines") as having a criminal history category I. Before imposing the revocation sentence, the district court commented, "he has a criminal history category of I, which I think is probably too low, but that's what it is." The district court then sentenced Hayes to another 24 months of imprisonment with 12 months of supervised release to follow. This sentence was an upward variance from the Guidelines's three-to-nine month recommended range.

On appeal, Hayes challenges the sentence's substantive reasonableness, claiming the district court failed to properly consider statutory factors relevant to the sentencing determination. Furthermore, he claims the upward variance was inadequately supported. We affirm.

We apply a deferential abuse-of-discretion standard when reviewing a supervised release revocation sentence. *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014). "This standard requires us first to ensure that the district court committed no significant procedural error and second, if there is no procedural error, to ensure the sentence was substantively reasonable." *United States v. DeMarrias*, 895 F.3d 570, 573 (8th Cir. 2018) (quoting *United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016)). Procedural errors may include a district court's failure to consider the proper 18 U.S.C. § 3553(a) factors and failure to adequately support the sentence imposed. *See DeMarrias*, 895 F.3d at 573.

Hayes argues the revocation sentence is substantively unreasonable because the district court failed to acknowledge positive factors and disregarded relevant information that Hayes claims mitigated the negative aspects of his conduct while

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

on supervised release.[2]  Specifically, Hayes points to the district court's statement that it "struggle[d] to find anything that Mr. Hayes did during his term of supervised release that was noteworthy or positive.  It's all negative."

When determining a revocation sentence, the district court is required to consider "the § 3553(a) factors specifically listed in 18 U.S.C. § 3583(e)." *Richey*, 758 F.3d at 1001.  Although § 3583(e) requires a court to consider multiple subsections of § 3553(a), *see* 18 U.S.C. § 3583(e), Hayes's argument cites 18 U.S.C. § 3553(a)(2) and claims the district court did not properly consider these specific statutory factors.  Of the § 3553(a)(2) factors, a district court must consider the need to deter criminal conduct, § 3553(a)(2)(B); protect the public, § 3553(a)(2)(C); and effectively provide correctional treatment, § 3553(a)(2)(D).  *See* 18 U.S.C. § 3583(e).  A district court has wide latitude when weighing the relevant factors. *See United States v. Perry*, 2 F.4th 1146, 1150 (8th Cir. 2021).  "If it is evident the district court was aware of the relevant factors in imposing the sentence, we may affirm the sentence without specific findings on each factor." *See Johnson*, 827 F.3d at 745.

Against this backdrop, we agree with the government that "the district court's characterization of Hayes'[s] conduct on supervised release as 'all negative' does not mean it failed to consider [the factors Hayes characterizes as mitigating]—only that the district court gave them comparatively little weight."  At the revocation hearing, the district court noted the depth of Hayes's criminal history, which includes repeated violent crime, his significant history with illegal substance use despite supervision, and the extensive evidence of Hayes's failure to follow through with agreed-upon treatment and rehabilitative services.  Moreover, in reviewing Hayes's clear pattern of absconding from supervision, the district court commented, "of

---

[2]Hayes does not explicitly claim procedural error occurred.  However, the nature of his claims may imply such a challenge.  *See DeMarrias*, 895 F.3d at 573.  Accordingly, "out of an abundance of caution," we note that to the extent Hayes's claims imply procedural challenges, they fail for the same reasons his challenges to the substantive reasonableness fail.  *See id.*

course, if you abscond, no one can help you with anything." In sum, the record contains enough information to conclude the district court was aware of the relevant factors when imposing the revocation sentence—Hayes's criminal history, his conduct on release, and how future services might be effectively provided to Hayes—and applied its discretion when weighing them against the full record.

Nor was the upward variance substantively unreasonable for lack of support. Indeed, a sentencing court must ensure any degree of variance outside the Guidelines range is justified. *United States v. Clark*, 998 F.3d 363, 370 (8th. Cir. 2021). But ultimately, it is the district court's consideration of the § 3553(a) factors, in the context of the defendant's individual circumstances, that determines to what extent an upward variance is appropriate. *Id.* at 369. "In determining whether a district court has considered the relevant factors, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." *United States v. Perkins*, 526 F.3d 1107, 1110–11 (8th Cir. 2008). Hayes asks us to divorce the district court's concern for Hayes's "low" criminal history categorization and his previous tribal convictions from the other support for the sentencing variance in the context of the entire sentencing record. We decline to join in such fragmentation. We are satisfied the court adequately considered the statutory factors and the circumstances of the case before exercising its wide discretion. "Although [Hayes] would have liked the district court to weigh the factors differently, that does not mean the district court abused its discretion." *Perry*, 2 F.4th at 1150.

There is no basis to hold the district court's sentence here was substantively unreasonable. For the foregoing reasons, we affirm the district court's judgment.

_____