# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1843
_____

United States of America

*Plaintiff - Appellee*

v.

Deandre Parrie Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: December 11, 2023
Filed: February 28, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Following Deandre Parrie Davis's guilty pleas to several drug offenses, the district court[1] sentenced him to 188 months' imprisonment and 12 years of

_____

[1] The Honorable C. J. Williams, United States District Court for the Northern District of Iowa.

supervised release.  Davis appeals, claiming his sentence was substantively unreasonable.  We affirm.

Davis pled guilty to three offenses: conspiracy to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851; distribution of heroin and fentanyl within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 860(a); and distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. At sentencing, the district court determined that Davis was a career offender, resulting in an offense level of 34.  After applying a three-level reduction for acceptance of responsibility and placing Davis in criminal history category VI, the district court found Davis's advisory Sentencing Guidelines range was 188 to 235 months' imprisonment.  Davis requested a downward variance of 40-50 months, and the government recommended a sentence of 200 months. The district court sentenced Davis to 188 months' imprisonment, the low end of his advisory Sentencing Guidelines range.

We review Davis's challenge to the substantive reasonableness of his sentence for abuse of discretion.  United States v. Sadler, 864 F.3d 902, 904 (8th Cir. 2017). A district court abuses its broad sentencing discretion if it does not consider a relevant sentencing factor which should have been given significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment when weighing the appropriate factors.  United States v. Clark, 998 F.3d 363, 369 (8th Cir. 2021).

Davis asserts the district court did not properly weigh his mental health, but the record reflects that the district court rooted its sentence in Davis's egregious criminal history, finding it demonstrated a likelihood of recidivism. Davis has sustained 16 adult convictions, 5 of which involved violent assaults, and 11 of which he committed while on probation or supervised release, including the underlying offense.  In addition, the district court described Davis's conduct while incarcerated as "some of the worst" it had ever seen and noted that while in custody Davis had

engaged in violent assaults on correctional officers. He fared no better on supervised release. While the district court weighed Davis's mental health differently than he wanted, the district court's explanation for the sentence is more than sufficient to demonstrate it did not abuse its broad sentencing discretion when imposing the within-Guidelines sentence. See United States v. Perry, 2 F.4th 1146, 1150 (8th Cir. 2021) (noting a defendant's disagreement with the weight given to certain sentencing factors does not amount to an abuse of the district court's wide sentencing discretion). We affirm.

_____