# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2331

_____

United States of America

*Plaintiff - Appellee*

v.

Jesse James DeMarrias

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 18, 2018
Filed: July 12, 2018

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jesse James DeMarrias appeals his sentence of a lifetime term of supervised release. We affirm.

I. Background

In March 2010, 21-year-old DeMarrias engaged in sexual acts with a 12-year-old female. He later pled guilty to sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2243(a), and the district court[1] sentenced him to 37 months imprisonment to be followed by 10 years of supervised release. His supervised release commenced in May 2013, but was revoked two times: in May 2014, after he assaulted a staff member and was terminated from his placement center, and in May 2015, after he was again terminated from his placement center. Following each revocation, the district court sentenced DeMarrias to 12 months imprisonment and 3 years of supervised release.

In November 2016, DeMarrias admitted to having violated the terms of his supervised release yet a third time by assaulting a police officer. The district court held a revocation hearing on January 5, 2017 ("initial hearing"), in which the court announced its intent to impose a sentence of 24 months imprisonment and 2 years of supervised release. Immediately thereafter, DeMarrias's counsel requested DeMarrias undergo a psychological examination. The district court ordered the Bureau of Prisons to conduct the examination and deferred imposing a sentence until it could consider the results.

The report from the examination diagnosed DeMarrias with personality disorder with borderline antisocial features[2] and paraphilic disorder: a condition characterized by abnormal sexual desires that can manifest in deviant sexual

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[2]The report stipulated, however, that its "subjective impressions should be viewed with caution" because the results of one of the tests indicated "excessive exaggeration and/or fabrication of psychological problems."

behavior. The report found DeMarrias was at "significant risk of recidivism" for deviant behaviors, including sexual behavior with minors. In conclusion, the report stated DeMarrias "should be closely monitored upon release from incarceration," finding his "difficulties are of a characterological and pervasive nature, and will likely prove, [and] have proven, resistant to change."

After receiving the report, the district court held a final revocation hearing on June 12, 2017 ("final hearing"). The court found the report "alarming" and sentenced DeMarrias to 24 months imprisonment and supervised release for life.

## II. Discussion

We review a sentence imposed upon revocation of supervised release under a "deferential-abuse-of-discretion standard." United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (internal quotation marks omitted). "This standard requires us first to ensure that the district court committed no significant procedural error and second, if there is no procedural error, to ensure the sentence was substantively reasonable." Id. (internal quotation marks omitted).

Although DeMarrias does not frame his argument as a procedural challenge, he claims, in passing, that the district court failed to consider the 18 U.S.C. § 3553(a) factors and failed to adequately explain its reasoning, both of which constitute procedural errors. United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010). Thus, out of an abundance of caution, we first consider whether the district court erred procedurally.

When revoking supervised release and imposing a new sentence, a district court should consider the factors set forth in § 3553(a). The court need not, however, "mechanically list every § 3553(a) consideration." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004). "If it is evident the district court was aware of the

relevant factors in imposing the sentence, we may affirm the sentence without specific findings on each factor." Johnson, 827 F.3d at 745.

In addition, the court must "adequately explain the chosen sentence." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "In explaining the sentence[,] the district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

At the initial hearing, the district court explicitly stated it was required to consider the § 3553(a) factors and would do so. There is, then, no doubt the court was aware of the relevant factors. Johnson, 827 F.3d at 745. At the final hearing, the court specifically considered the nature and circumstances of DeMarrias's offense; his criminal history—including his repeated violations of supervised release; his current mental state; and his risk of recidivism. Accordingly, we are satisfied that the court properly considered the § 3553(a) factors. See id. (finding no procedural error where court "considered [defendant's] history, characteristics, and conduct").

We are also satisfied with the district court's explanation of DeMarrias's sentence. At the final hearing, the district court imposed a much longer term of supervised release than first contemplated at the initial hearing. But, the court explained its decision to do so based on the psychological examination, which the court found "alarming" and "very damaging" to DeMarrias. Specifically, the court noted DeMarrias's mental diagnoses, his "significant risk of recidivism," and his lack of motivation "to change his criminal thinking and behavior." Because the court provided a "reasoned basis" for the heightened sentence, which was grounded in § 3553(a) considerations, we find no procedural error. Moore, 565 F.3d at 437 (internal quotation marks omitted).

-4-

We turn now to DeMarrias's primary challenge to the substantive reasonableness of a lifetime term of supervised release. A sentence is substantively unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. at 438 (internal quotation marks omitted). "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. White, 816 F.3d 976, 988 (8th Cir. 2016) (internal quotation marks omitted). "Just because we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." United States v. Boneshirt, 662 F.3d 509, 517 (8th Cir. 2011) (internal quotation marks omitted). Thus, it is an "unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (en banc) (internal quotation marks omitted).

In this case, a lifetime term of supervised release is both statutorily permissible, 18 U.S.C. § 3583(k), and within the United States Sentencing Guidelines range for DeMarrias's offense, USSG § 5D1.2(b)(2). We presume a sentence within the Guidelines range is reasonable, and DeMarrias "bears the burden to rebut [that] presumption." United States v. Phillips, 785 F.3d 282, 284 (8th Cir. 2015) (internal quotation marks omitted). We find he has failed to do so.

DeMarrias first argues the district court gave too much weight to the psychological report, which he claims provided little new information and did not warrant supervised release for life. We acknowledge the district court's move from two years of supervised release to a lifetime of supervised release was a substantial jump; nevertheless, we find the sentence imposed was within the court's broad

discretion. As discussed above, the report diagnosed DeMarrias with paraphilic disorder, which can manifest in deviant sexual behavior. It also found DeMarrias was at "significant risk of recidivism" for deviant behaviors, including sexual behavior with minors. Ultimately, the report concluded DeMarrias "should be closely monitored upon release from incarceration" because his "difficulties are of a characterological and pervasive nature, and will likely prove, [and] have proven, resistant to change." In light of these findings, the district court did not abuse its discretion in determining a heightened sentence of supervised release for life was warranted.

In fact, we affirmed a lifetime term of supervised release under similar circumstances in United States v. James, 792 F.3d 962 (8th Cir. 2015). Like DeMarrias, James violated the terms of his supervised release after being convicted of engaging in an unlawful sexual act with a minor. Although James had only been convicted of one sex offense, he had a long history of sexual deviance. Id. at 965. We found the district court did not abuse its discretion in sentencing James to a lifetime term of supervised release based on James's sexual deviance and "questionable" likelihood of recovery from his mental diagnoses. Id. at 969.

DeMarrias claims he, unlike James, does not have a pattern of sexual deviance. It is true that DeMarrias does not have the same lengthy history of sexual deviance as James. Even so, in addition to his conviction for sexually abusing a 12-year-old, DeMarrias was accused of inappropriately touching a 9-year-old; his PSR suggests possible possession of child pornography; and the psychological report diagnosed him with paraphilic disorder. DeMarrias also claims his likelihood of recovery is not "questionable." But, the psychological report indicates he is "at significant risk of recidivism" and his "difficulties . . . will likely prove, have proven, resistant to change." Indeed, his resistance to change is evidenced by the fact that this is his third revocation of supervised release. Two of his revocations were predicated on violent behavior. Moreover, the district court noted "that criminal activity gives him an

adrenaline high, and he feels no remorse after completion of such behavior." Initial Sent. T. at 9. Although DeMarrias's sexual deviancy and mental diagnoses do not rise to the level of James's, we nevertheless find them sufficient justification for affirming the district court's sentence. See James, 792 F.3d at 969.

DeMarrias also claims his sentence is unreasonable under several of the § 3553(a) factors. Specifically, he argues that his repeated violations of supervised release show the district court miscalculated the need "to afford adequate deterrence" and to provide "correctional treatment" when imposing supervised release for life. 18 U.S.C. § 3553(a)(2). In hopes of attaining an alternative sentence, DeMarrias admits—with surprising candor—that he is "unlikely . . . [to] comply with any supervised release program he is assigned." We find this argument unconvincing. The district court was well aware of DeMarrias's repeated violations and specifically acknowledged DeMarrias's aversion to supervised release. Ultimately, however, the court found DeMarrias must learn to follow the rules. The court told DeMarrias that if he were to "start[] living a productive and law-abiding life," the court would reconsider the length of his supervised release. The court also suggested DeMarrias could benefit from the supervision of law enforcement officials, who "are trying to help him, not harm him." Indeed, the special conditions of DeMarrias's supervision include provisions for mental health and sex offender treatment. Because the district court did not clearly err in weighing these § 3553(a) considerations, we find the sentence imposed—while severe—was not substantively unreasonable.

## III. Conclusion

For these reasons, we affirm the district court's sentence.

KELLY, Circuit Judge, dissenting.

The district court initially intended to give DeMarrias two years of supervised release but, after reading the report of a psychological evaluation, instead sentenced him to supervised release for life. Reading the same report, I cannot construe it to justify a lifetime of punishment, and therefore respectfully dissent.

The law is clear: supervised release is a form of punishment. Samson v. California, 547 U.S. 843, 850 (2006) ("Federal supervised release . . . is meted out in addition to, not in lieu of, incarceration." (cleaned up)); United States v. Jackson, 866 F.3d 982, 985 (8th Cir. 2017) ("Supervised release is a 'form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.'" (quoting Griffin v. Wisconsin, 483 U.S. 868, 874 (1987))). Thus, under the federal sentencing regime, the length of supervised release must be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, deter further criminal conduct, protect the public, and provide the defendant with needed training and treatment. 18 U.S.C. § 3553(a).

The facts in the report are also clear. The forensic psychologist wrote that DeMarrias "was previous[ly] convicted of Sexual Abuse of a Minor. In addition, the PSR also contains information regarding another possible sexual abuse of a minor arrest. *Therefore*, the diagnosis of Unspecified Paraphillic Disorder appears to be an appropriate classification for this individual." (Emphasis added.) The report goes on to acknowledge that an "unspecified" diagnosis was selected "to communicate a degree of diagnostic uncertainty" because of "the limited collateral information available." These passages make clear that DeMarrias's diagnosis was based entirely on information that the district court already had when it said it intended to sentence DeMarrias to two years of supervised release. No other information in the report supports the diagnosis. The report simply affixed an "unspecified" diagnostic label to facts the district court already knew.

Given this dearth of new information, and the fact that none of DeMarrias's prior revocations were based on sexual misconduct, the key question is whether the report's evaluation of DeMarrias's prognosis—that his "difficulties are of a characterological and pervasive nature, and will likely prove, [and] have proven, resistant to change"—is sufficient to justify a lifetime of punishment. DeMarrias's prognosis, which reflects the evaluating psychologist's professional expertise and experience, may very well warrant an extended term of supervised release. But a lifelong sentence is different. DeMarrias was 28 years old at sentencing, so a lifetime of supervised release means he will likely spend many decades under the supervision of the United States Probation Office. And while all supervised release sentences are, broadly speaking, related to deterrence, protection of the public, and provision of treatment, the duration of this sentence is not reasonable given that it is based on such limited evidence. In my view, it exceeds the permissible bounds of discretion. See United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc).

For these reasons, I would vacate the term of supervised release and remand for resentencing.

––––––––––––––––––––––––––––––––