# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3653
_____

United States of America

*Plaintiff - Appellee*

v.

Erik Nikkolas Adams-Reading

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: December 9, 2019
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM

Erik Nikkolas Adams-Reading[1] appeals from the second revocation of her supervised release and the sentence that the district court[2] imposed upon that revocation. We affirm.

Adams-Reading was sentenced to ninety months' imprisonment and fifteen years' supervised release in 2011, after she pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). She was released from prison and began serving her first term of supervised release in December 2016. The district court revoked her supervised release in May 2018 for failing to complete sex offender treatment and sentenced Adams-Reading to three months' imprisonment and fifteen years' supervised release.

Adams-Reading was released from prison a second time in July 2018. As a special condition of her supervision, Adams-Reading was required to "participate in sex offender treatment as approved by the probation officer." She began sex offender treatment in August 2018 and was discharged in October, whereupon the U.S. Probation Office moved for revocation of her supervised release. After a hearing on the matter, the district court concluded that Adams-Reading had violated her conditions of supervised release and imposed a nine-month term of imprisonment and a fifteen-year term of supervised release.

Adams-Reading argues that the district court abused its discretion in revoking her term of supervised release. See United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015) (reviewing the district court's decision to revoke supervised release for an abuse of discretion, and the district court's "subsidiary factfinding" for clear error).

_____

[1]Erik Adams-Reading goes by Erika and is in the process of gender transition. Accordingly, this opinion uses she/her pronouns to refer to appellant.

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota

She claims that she did not violate the conditions of her supervised release because, although she was discharged from treatment, that discharge was due to her mental health conditions and not to her failure to participate in treatment. At the revocation hearing, however, Adams-Reading's therapist testified that she was discharged from treatment because, along with her refusal to accept responsibility for her conviction, she failed to complete assignments, did not show up for scheduled meetings, and failed to comply with the required polygraph examination. We thus conclude that the district court did not clearly err in holding that Adams-Reading did not participate in sex offender treatment and acted within its discretion in revoking her supervised release.

We also conclude that Adams-Reading's revocation sentence was substantively reasonable. The district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), imposed a sentence within the U.S. Sentencing Guidelines range, and explained its sentencing decision. See 18 U.S.C. § 3583(e)(3); United States v. DeMarrias, 895 F.3d 570, 574 (8th Cir. 2018) (holding that a sentence within the Guidelines range is presumed reasonable).

The judgment is affirmed.

———————————————