# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1172

_____

United States of America

*Plaintiff - Appellee*

v.

David E. Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 11, 2021
Filed: May 24, 2021

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

David E. Clark appeals the district court's[1] imposition of a sentence of 24 months imprisonment upon the revocation of his second supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

I.

Following a bench trial in 2016, Clark was convicted of one count of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to 60 months imprisonment and 3 years of supervised release.[2] Clark began his first term of supervised release on January 9, 2019. Shortly thereafter, on April 24, 2019, Clark stipulated to violating seven conditions of his release. The district court revoked Clark's supervised release and sentenced him to 6 months imprisonment with 24 months of supervised release to follow.[3]

Prior to his release from his second term of imprisonment, the Probation Office learned that Clark did not have a viable home plan. As a result, Clark signed a waiver to modify his supervised release conditions to include participation in the Residential Reentry Center (RCC) Program for up to 120 days. Clark began his second term of supervised release on Friday, August 30, 2019, and was instructed to report to the Probation Office upon his release from custody. Clark failed to report to the Probation Office until Tuesday, September 3, 2019, and his whereabouts over that weekend were unknown. On September 4, 2019, Clark was accepted into the RRC Program, and he reported as instructed.

Beginning on September 24, 2019, Clark refused to comply with various instructions of the RCC Program staff. The staff noted that Clark appeared to occasionally be under the influence of a controlled substance. Specifically, Clark fell asleep standing up and exhibited slurred speech and difficulty walking. The staff further detected the smell of what they believed to be "K2," a synthetic marijuana. Upon a pat-down search, Clark refused to relinquish an item that he removed from

---

[2]This Court affirmed Clark's conviction in United States v. Clark, 695 F. App'x 999 (8th Cir. 2017) (per curiam).

[3]This Court affirmed Clark's revocation and sentence in United States v. Clark, 775 F. App'x 829 (8th Cir. 2019) (per curiam).

his pocket and subsequently refused to complete a urinalysis test. The staff also noted that Clark appeared to take something orally after refusing the urinalysis. Based on these incidents, Clark was discharged on September 27, 2019 before completing the program, and was instructed to immediately report to the Probation Office. Clark failed to report again,[4] and the Probation Office sought a violator's warrant. Clark's whereabouts were unknown until November 3, 2019, when he was arrested pursuant to that warrant.

At the revocation hearing, the district court determined that Clark had violated four conditions of his supervised release: (1) failing to report to the Probation Office within 72 hours of his release from custody; (2) failing to follow the instructions of the Probation Office related to the conditions of supervision; (3) failing to successfully participate in a substance abuse testing program; and (4) failing to satisfactorily participate in a RRC Program. The district court found that Clark's violations were Grade C violations, pursuant to the United States Sentencing Guidelines § 7B1.1, which, when cross-referenced with Clark's criminal history category of IV, resulted in a range of 6 to 12 months imprisonment. See USSG § 7B1.4. Clark requested a downward variance of 2 to 3 months imprisonment followed by sanctions, such as house arrest. The government requested an upward variance of 24 months imprisonment with no supervised release to follow, citing Clark's history of noncompliance during supervised release. The district court ultimately sentenced Clark to 24 months imprisonment with no supervised release to follow. In crafting the sentence, the district court cited the factors set forth in 18 U.S.C. § 3583,[5] Clark's unwillingness to comply with supervision, and the need to protect the public.

---

[4]Clark did attempt to call the Probation Office on September 30 and October 1, 2019; however, he called from a number listed as "unknown" and failed to provide a call back number.

[5]Section 3583 incorporates a subset of the familiar § 3553(a) factors by reference. Specifically, the district court may consider only 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in its determination of revocation. 18 U.S.C. § 3583(e).

II.

Clark raises multiple challenges to his revocation sentence on appeal. "[W]e review the district court's revocation sentencing decision 'under the *same* "deferential-abuse-of-discretion" standard that applies to *initial* sentencing proceedings.'" United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (citation omitted). "Our analysis is performed in two steps: 'first, [we review] for significant procedural error; and if there is none, for substantive reasonableness.'" United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019) (alteration in original) (citation omitted).

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) (applying the Gall framework in the revocation context). Though he does not frame his argument as such, Clark's first claim—that the district court failed to adequately explain its upward variance—is procedural in nature. However, if, as here, "an alleged procedural error was not raised in the district court, we review it for plain error." Hall, 931 F.3d at 696. Accordingly, Clark must show: "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Miller, 557 F.3d at 916. "In explaining the sentence[,] the district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. DeMarrias, 895 F.3d 570, 573 (8th Cir. 2018) (alterations in original) (citation omitted). Further, when revoking the defendant's supervised release and imposing a new sentence, the district court must consider the relevant § 3553(a) factors incorporated into § 3583(e). See Johnson, 827 F.3d at 745. "The [district] court need not, however, 'mechanically list every § 3553(a) consideration.' 'If it is evident the district court was aware of the relevant factors when imposing the

sentence, we may affirm the sentence without specific findings on each factor.'" DeMarrias, 895 F.3d at 573 (citations omitted).

Here, we are satisfied that the district court adequately explained its reasoning for Clark's sentence, see id., especially in light of our plain error review. The district court heard arguments from both parties and permitted Clark to speak. Then, the district court referenced Clark's history of noncompliance with the conditions of his supervised release. "[W]e have repeatedly stated that variances are appropriate based on repeated violations of supervised release . . . ." Hall, 931 F.3d at 698. The district court also mentioned the need to protect the public and the factors set out in 18 U.S.C. § 3583. Clark contends that this explanation was merely conclusory. However, having presided over the entirety of Clark's proceedings, the district court was well aware of Clark's criminal history and supervised release violations. See United States v. Torres-Ojeda, 829 F.3d 1027, 1029-30 (8th Cir. 2016) ("Sometimes a judicial [ruling] responds to every argument; sometimes it does not; sometimes a judge . . . rel[ies] upon context and the parties' prior arguments to make the reasons clear." (alterations in original) (citation omitted)). Therefore, we find that the district court did not err, much less plainly err, in explaining the basis for its upward variance.

Next, Clark alleges that the district court committed a Tapia[6] error by considering Clark's need for rehabilitation when crafting his sentence; however, because Clark failed to raise this issue before the district court, we again review his claim for plain error. See United States v. Holdsworth, 830 F.3d 779, 783-85 (8th Cir. 2016) (reviewing a forfeited Tapia claim for plain error). "[D]istrict courts may not 'impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.'" Id. at 784 (citation omitted). However, "[w]e have stated that no plain Tapia error occurs where a district court 'never expresse[s] an intention to lengthen [a defendant's] sentence for rehabilitative purposes.'" United States v. Werlein, 664 F.3d 1143, 1147 (8th Cir.

---

[6]Tapia v. United States, 564 U.S. 319 (2011).

2011) (per curiam) (second and third alterations in original) (citation omitted). "Many potential <u>Tapia</u> errors will not require remand under plain error review." <u>Holdsworth</u>, 830 F.3d at 785 (citation omitted). Here, nothing in the record indicates that the district court lengthened Clark's sentence for the purpose of guaranteeing that he could participate in a drug-treatment program. As noted above, it is clear that the district court based Clark's sentence primarily on his repeated noncompliance with the conditions of his supervised release. The district court's passing comments regarding rehabilitation constitute nothing more than encouragement for Clark to work on his mental health while in custody. <u>See</u> <u>id.</u> (finding that the district court did not commit a <u>Tapia</u> error when it merely noted the treatment available to the defendant at the facility). Accordingly, we find that the district court did not commit a <u>Tapia</u> error, much less a plain error.

Having found no procedural errors, we next consider Clark's claim that the district court imposed a substantively unreasonable sentence.

> A sentence is substantively unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." "Just because we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Thus, it is an "unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable."

<u>DeMarrias</u>, 895 F.3d at 573-74 (citations omitted).

First, Clark highlights that his sentence is an upward variance of 400% from the bottom and 200% from the top of his Guidelines range. However, this Court has "previously rejected this percentage-based argument, noting that deviations from the

Guidelines range will always appear more extreme—in percentage terms—when the range itself is low and concluding that the percentage of the variance is thus not sufficient in and of itself to find a defendant's sentence substantively unreasonable." United States v. Trung Dang, 907 F.3d 561, 567 (8th Cir. 2018) (citation omitted); see Gall, 552 U.S. at 47 ("We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."). Therefore, we find Clark's sentence was not substantively unreasonable on this basis.

Second, Clark contends generally that the district court made a clear error of judgment in weighing the relevant factors. Specifically, Clark argues that the district court's reasoning is insufficient to justify a 24-month sentence. We disagree. We noted above the district court's reasoning, and we have upheld similar upward variances based in part on a defendant's repeated violation of the terms of his or her supervised release. See, e.g., United States v. Kreitinger, 576 F.3d 500, 503-04 (8th Cir. 2009). Accordingly, we find that the district court did not commit a clear error of judgment in crafting Clark's sentence.

Third, Clark admits that upward variances in revocation sentences are appropriate in some instances, but he contends that those instances arise only when the defendant's supervised release violation is similar to the act for which he was originally convicted. We have not restrained the application of upward variances to such circumstances. Instead, we look to whether "the district court considered the factors set forth in 18 U.S.C. § 3553(a), with reference to the individual circumstances of [the defendant]'s case." See United States v. Bear Robe, 521 F.3d 909, 911 (8th Cir. 2008). Here, the district court noted the factors set forth in 18 U.S.C. § 3583, which again incorporates the § 3553(a) factors relevant for revocation purposes. See 18 U.S.C. § 3583(e). Therefore, we are satisfied that the district court properly considered the relevant factors when varying upward.

Finally, Clark contends that significant upward variances for Grade C violations erode the intentional gradation of supervised release violations and that

such erosion renders meaningless the Supreme Court's mandate to "secure nationwide consistency" in sentences.  See Gall, 552 U.S. at 49.  However, "[t]he Guidelines are not the only consideration."  Id.  The district court "must make an individualized assessment based on the facts presented.  If [the district court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  Id. at 50.  Here, the district court began with the Guidelines and then conducted an individualized assessment.  The district court found that an above-Guidelines sentence was warranted and justified its decision based on Clark's repeated violations of supervised release, his history and characteristics, and the need to protect the public.  Having already found the district court's reasoning sufficient, we find that Clark's sentence is not substantively unreasonable.

III.

For the foregoing reasons, we affirm Clark's sentence.

_____