# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3441

_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Melbern Steward, Sam Steward

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 2, 2022
Filed: March 7, 2022
[Unpublished]

_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Samuel Steward appeals after the district court[1] revoked his supervised release
and sentenced him to eighteen months in prison and forty-two months of supervised

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern
District of Iowa.

release. He argues the sentence violated <u>Tapia v. United States</u>, 564 U.S. 319 (2011), and is substantively unreasonable.

Because Steward did not raise a <u>Tapia</u> objection at sentencing, we review for plain error. <u>See</u> <u>United States v. Clark</u>, 998 F.3d 363, 368 (8th Cir. 2021). After reviewing the record, we conclude the district court did not commit a plain procedural error under <u>Tapia</u> when imposing Steward's prison sentence. <u>See</u> <u>Tapia</u>, 564 U.S. at 334 (explaining that a district court does not err by discussing opportunities for rehabilitation within prison and may urge the Bureau of Prisons to place a defendant in a prison treatment program); <u>Clark</u>, 998 F.3d at 368 (reiterating that no plain <u>Tapia</u> error occurs if a district court never expresses an intention to lengthen the sentence for rehabilitative purposes); <u>United States v. Rickert</u>, 685 F.3d 760, 769 (8th Cir. 2012) (concluding no <u>Tapia</u> error occurs when a district court merely recommends that the Bureau of Prisons provide a defendant with mental health treatment). Nor did the district court plainly err when it imposed Steward's supervised release sentence. <u>See</u> <u>Tapia</u>, 564 U.S. at 321, 325-26, 335 (limiting the holding to prison sentences and recognizing differences between prison and supervised release sentences); <u>United States v. Schupp</u>, 488 Fed. Appx. 170, 173 (8th Cir. 2012) (per curiam) (concluding <u>Tapia</u> does not apply to the imposition of a supervised release term); <u>accord</u> <u>United States v. Alberts</u>, 859 F.3d 979, 986 n.3 (11th Cir. 2017).

The sentence, which falls below the statutory limits and the applicable policy statement range in the United States Sentencing Guidelines Manual, is not substantively unreasonable. <u>See</u> 18 U.S.C. § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(A); <u>Clark</u>, 998 F.3d at 369 ("[I]t is an 'unusual case when we reverse a district court sentence--whether within, above, or below the applicable Guidelines range--as substantively unreasonable.'" (citation omitted)). There is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. <u>See</u> 18 U.S.C. § 3583(e); <u>Clark</u>, 998 F.3d at 369 (deferential abuse-of-discretion

review of the substantive reasonableness of a revocation sentence); <u>United States v. Wisecarver</u>, 644 F.3d 764, 774 (8th Cir. 2011) (explaining a district court has wide latitude to weigh the relevant factors and assign some factors greater weight than others).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____