# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1911

_____

United States of America

*Plaintiff - Appellee*

v.

Belinda Leigh Heastan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 14, 2022
Filed: April 8, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Belinda L. Heastan pled guilty to conspiring to distribute methamphetamine and to commit money laundering. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; 18 U.S.C. § 1956(a)(1)(A)(I), (h). She violated the terms of her supervised release. The

district court[1] sentenced her to 36 months in prison. Heastan appeals the above-guidelines sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

For her original conviction, Heastan was sentenced to 60 months in prison, followed by five years of supervised release. In 2020, she violated conditions of the release for: dishonesty with the probation officer and non-compliance with drug testing.

At her show-cause hearing on October 6, 2020, Heastan failed to appear. A warrant issued for her arrest. In a motion to reconsider the warrant, she included one exhibit—a "Surgery FAQs," showing a surgery scheduled for October 16. The probation officer initially believed the exhibit was falsified because it resembled a document she previously submitted showing the surgery scheduled for September 22. The officer also contacted the surgery center which stated Heastan did not have surgery scheduled for October 16. The district court denied the motion to withdraw the warrant. Heastan self-surrendered on October 15.

On November 13, the court held a revocation hearing. It found she committed four violations for dishonesty and three for not complying with testing. Specifically, it found that she lied about the dates of her surgery. The court sentenced Heastan to 60 months in prison (guidelines range was 6-12 months), followed by 60 months of supervised release.

Two weeks later, Heastan requested a second revocation hearing to address whether her surgery was scheduled on the dates claimed. At the second revocation hearing in April 2021, the district court found, in light of new evidence, that Heastan did not lie about her surgery dates. The court reduced the sentence to 36 months in prison, with no supervised release. Heastan argues that the court abused its discretion.

---

[1]The Honorable David G. Kays, United States District Judge for the Western District of Missouri.

"[C]ourts of appeal must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *accord United States v. DeMarrias*, 895 F.3d 570, 572-73 (8th Cir. 2018) (applying same standard to sentence imposed upon revocation of supervised release). This court reviews first for significant procedural error, then for substantive reasonableness. *United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021); *see also Gall*, 552 U.S. at 51.

This court considers the record at both the first and second revocation hearings. The parties and district court understood that the second hearing was limited in scope, and the district court referenced the transcript of the first hearing which it recalled "very vividly." *See United States v. Griess*, 971 F.2d 1368, 1370 (8th Cir. 1992) (considering transcript of first hearing and resentencing hearing); *cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) ("We therefore need not turn a blind eye to what the judge said at petitioner's initial sentencing.").

I.

Heastan argues that the district court "simply failed to justify its upward variance" and provide "a more extensive justification." *See Gall*, 552 U.S. at 51 (procedural errors include inadequate sentencing explanations). Because she did not object in the district court, this court reviews for plain error. *See Clark*, 998 F.3d at 367. Plain error requires: (1) an error; (2) that is "clear or obvious;" (3) that affected the defendant's "substantial rights;" and (4) that seriously affects the fairness, integrity, or reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Explaining a sentence, a district court must provide enough reasoning to show that it "considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Clark*, 998 F.3d at 368 (cleaned up). The district court met that standard here. Both parties presented arguments, Heastan spoke, the same judge presided at all the hearings, and the sentence referenced

Heastan's history of noncompliance. *See id.* (holding that the district court adequately explained its sentence under similar circumstances). The court noted that it considered the section 3553(a) factors and was particularly concerned by Heastan's inability to comply with the terms of supervised release and disrespect for the probation officer. *See DeMarrias*, 895 F.3d at 573 (no procedural error when the court explained an upward variance by noting that the defendant was not motivated to change his criminal behavior).

Heastan relies on *United States v. Michael*, 909 F.3d 990 (8th Cir. 2018), but it is distinguishable. The district court there committed procedural error by not considering the policy statements issued by the Sentencing Commission. *Id.* at 994. Here, the district court considered the Commission's policy statements by referencing the grades of violation and guidelines table in sections 7B1.1 and 7B1.4.

There was no plain procedural error.

## II.

Heastan argues that the revocation sentence was substantively unreasonable. "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *DeMarrias*, 895 F.3d at 573-74 (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Heastan agrees that the district court "considered appropriate factors in sentencing." The only issue is whether the district court made a clear error of judgment in weighing the factors.

"The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an

appropriate sentence." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017). A district court does not abuse its discretion, even if the factors could have been weighed differently. *United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016).

Heastan argues that the court failed to acknowledge that her violations were relatively minor and not associated with a high risk of new felonious conduct. The district court acknowledged that she committed Grade C violations. Though none of the violations were new felonies, the district court emphasized that the sentence reflected Heastan's "lack of respect" for the court. *See United States v. Watters*, 947 F.3d 493, 497 (8th Cir. 2020) (explaining that revocation sanctions a defendant's "breach of trust" for failing to follow court instructions), *citing United States v. Haymond*, 139 S. Ct. 2369, 2386 (2019) (Breyer, J., concurring).

Heastan argues that the district court overvalued the difficulty in supervising her, failed to properly credit mitigating factors, and sentenced her substantially above the guidelines. She emphasizes that the probation officer did not testify she posed a threat to the public, and that the prosecutor did not recommend a sentence. However, district courts may impose upward variances based on repeated violations, despite the lack of a threat to the public or a prosecutor's recommendation. *See, e.g.*, *United States v. Steele*, 899 F.3d 635, 639 (8th Cir. 2018) (affirming a 36-month sentence despite a lower government recommendation because the court "was entitled to conduct its own analysis"); *United States v. Larison*, 432 F.3d 921, 924 (8th Cir. 2006) (affirming a 60-month revocation sentence despite the guidelines range of 5 to 11 months when the district court "expressed grave concern over Larison's numerous and repeated violations"). The court heard from Heastan and her counsel about mitigating circumstances, including the traumatic loss of her mother and the medical difficulties of incarceration. The court remarked that it was "sorry for your troubles. It sounds terrible." The degree of variance alone does not show unreasonableness or necessarily require heightened justification. *See Clark*, 998 F.3d at 369; *accord Gall*, 552 U.S. at 47 (rejecting any "rigid mathematical formula" for determining the strength of justification required). The court stressed that the repeated violations and lack of respect for the probation process justified the

upward variance.  Because the court considered and reasonably weighed legitimate factors, it did not abuse its discretion in imposing an upward variance.

* * * * * * *

The judgment of the district court is affirmed.

_____