# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3382
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Harris Bear Runner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: April 15, 2022
Filed: June 13, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

A jury convicted Richard Harris Bear Runner of Assault Resulting in Serious Bodily Injury and Assault with a Dangerous Weapon. He was sentenced to 57 months' imprisonment to be followed by 3 years' supervised release. He has since been subject to revocation five times due to failures to comply with the terms of supervised release. He presently appeals his fifth revocation sentence: a within-the-

Guidelines-range sentence of 9 months' incarceration and 1 year of additional supervised release.

Mr. Bear Runner identifies no procedural error, appealing only the substantive reasonableness of his revocation sentence. He argues specifically that his revocation sentence is too harsh given the fact that his violation was a Grade C violation based on a failure to participate in court-ordered cognitive-behavior training. He also argues the district court[1] erred by not properly weighing mitigating circumstances such as COVID-19 disruptions and the death of his father.

We review the substantive reasonableness of a revocation sentence for abuse of discretion, affording broad discretion to the district court for reasons well illustrated in the present case. See United States v. DeMarrias, 895 F.3d 570, 572–74 (8th Cir. 2018). Here, the experienced district court judge possessed extensive knowledge of Mr. Bear Runner's case, the nature of his supervised release violation, and the role of cognitive-behavior training in relation to the permissible goals of sentencing. The same judge had imposed Mr. Bear Runner's initial sentence and previously had revoked his supervised release. The district court emphasized the need for supervised release and training to address potential domestic violence —behavior the district court described as similar to the underlying offense. Because there was no failure to consider important factors, no consideration of impermissible factors, and no clear error of judgment, we find no abuse of discretion. See United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009).

We affirm the judgment of the district court.

_____

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.