# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3206
_____

United States of America,

*Plaintiff - Appellee,*

v.

Craig E. Williams, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 27, 2022
Filed: January 6, 2023
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Craig Williams appeals after the district court[1] revoked his supervised release for the second time and imposed a term of imprisonment, followed by an additional

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

term of supervised release. Williams's counsel has moved to withdraw and filed a brief challenging the substantive reasonableness of his sentence. Williams raises additional arguments in a pro se brief.

After reviewing the record under a deferential abuse-of-discretion standard, *see United States v. Miller*, 557 F.3d 910, 915-16, 917 (8th Cir. 2009), we conclude the district court did not impose a substantively unreasonable sentence. The sentence is within the statutory limits, *see* 18 U.S.C. §§ 2252(b); 3583(e)(3), (h), (k), and the term of supervised release is presumptively reasonable because it is within the applicable advisory range under the sentencing guidelines, *see* U.S.S.G. § 5D1.2(b)(2); *United States v. DeMarrias*, 895 F.3d 570, 572, 574 (8th Cir. 2018). The district court sufficiently considered the relevant statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. *See* 18 U.S.C. § 3583(e); *Miller*, 557 F.3d at 917. The court "was entitled to conduct its own analysis and reach a conclusion of its own, even if it deviated from the parties' recommendations," and acted within its broad discretion by imposing the term of supervised release. *United States v. Steele*, 899 F.3d 635, 639 (8th Cir. 2018); *see also DeMarrias*, 895 F.3d at 572, 574-75. Williams's other arguments are contradicted by the record, and any attempt to challenge the reimposed conditions restricting his device usage fails. *See United States v. Walker*, 814 F. App'x 180, 182 (8th Cir. 2020) (per curiam).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____