# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1211
_____

United States of America

*Plaintiff - Appellee*

v.

William E. Toombs, Jr., also known as Zorro, also known as Big Z

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 18, 2023
Filed: October 6, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.
_____

PER CURIAM.

William Toombs, Jr., pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and to obtaining oxycodone by fraud, *see* 21

U.S.C. § 843(a)(3), (d)(1), and the district court[1] sentenced him to 37 months' imprisonment and three years' supervised release. He struggled to comply with the conditions of his supervised release, in particular the condition that he refrain from unlawfully using controlled substances. Over the first two years of supervision, the district court modified his release conditions four separate times because he tested positive for cocaine. The modifications required Toombs to participate in cognitive behavioral treatment, to perform community service, and to abide by a curfew and location monitoring for thirty days.

Toombs's probation officer then advised the court that Toombs had tested positive for "heroin/morphine," marking the fifth time she had informed the court that Toombs had violated the conditions of his supervised release. She recommended that the court require Toombs to abide by a curfew and location monitoring for ninety days. She wrote that she had told Toombs that she had "exhausted all the intermediate sanctions to keep him in the community and is hopeful his sporadic drug use will cease" and that "Toombs is aware of the seriousness of continued substance abuse and was advised continued noncompliance will be reported to the Court." The court adopted her recommendation.

A few months later Toombs's probation officer advised the court of additional violations. She reported that, during a search of Toombs's bedroom, officers found baggies of cocaine base, pills believed to contain fentanyl, a green leafy substance, other unidentified pills, and a digital scale. Officers also reportedly found a gun and ammunition in the bedroom of Toombs's son and another gun and more ammunition in a car outside the home. She alleged that Toombs had violated conditions prohibiting him from committing another crime, from unlawfully possessing a

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

controlled substance, from failing to report contact with police officers, and from possessing a firearm and ammunition.

At a hearing on the allegations, Toombs admitted the violations except the one prohibiting him from possessing a firearm and ammunition. The government did not put on evidence to prove that allegation. The Sentencing Guidelines recommended that the district court sentence Toombs to 6–12 months in prison, and the parties jointly recommended a sentence of a year and a day. The court replied that "this seems more serious." Defense counsel pointed out that the previous violations Toombs committed were related to substance-abuse issues and that Toombs was actively "participating" and "engaged" in supervision. He also noted that the evidence did not show that Toombs possessed a weapon or ammunition. Defense counsel's discussion did not sway the court, as it stated it still believed the recommended sentence was insufficient in light of Toombs's history and characteristics, the nature of his release violations, and his record on supervision. So the court sentenced Toombs to 24-months' imprisonment—the statutory maximum. *See* 18 U.S.C. § 3583(e)(3).

Toombs maintains that the court abused its discretion by imposing a substantively unreasonable sentence. A court abuses its discretion when it commits a clear error of judgment in weighing relevant sentencing considerations. *See United States v. Clark*, 998 F.3d 363, 369 (8th Cir. 2021). Toombs emphasizes certain mitigating circumstances that he believes the court should have given greater weight. For example, he contends that his multiple violations stem from his struggle with drug addiction. He also notes that the probation officer informed the court in several violation reports that "Toombs has been easy to contact and maintains a positive attitude towards supervision." He therefore contends that a sentence within the Guidelines range would have been appropriate.

We do not believe the court committed a clear error of judgment here. Toombs violated the conditions of his release several times, and the court gave him several opportunities to kick his drug addiction before revoking his release and sentencing him to prison. It wasn't until the sixth report of violations did the court conclude that leniency hadn't worked. And that sixth report reflected that Toombs had possessed a slew of illegal substances, including the particularly dangerous fentanyl. "[W]e have upheld similar upward variances based in part on a defendant's repeated violation of the terms of his or her supervised release." *Id.* And though the court's sentence exceeded the one that the parties jointly recommended, that doesn't mean that the court was unreasonable in thinking the parties' recommendation was insufficient. *See United States v. Steele*, 899 F.3d 635, 639 (8th Cir. 2018).

Toombs also faults the court for imposing an upward variance at least in part because it believed he had possessed a gun and ammunition or perhaps even participated in one or more shootings at his residence. But we do not read the court's explanation of sentence as being based on a finding that Toombs had possessed a gun or ammunition or participated in shootings. The court said that it was considering "the violations acknowledged," suggesting that it wasn't considering the allegations surrounding the guns and ammunition found at Toombs's home or the alleged shootings. We detect no reversible error here.

Affirmed.

_____