# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-1796

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tyler Lewis Gunderson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Western

——————————

Submitted: November 17, 2023
Filed: February 8, 2024
[Unpublished]

——————————

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Tyler Gunderson challenges the substantive reasonableness of the 24-month sentence that the district court[1] imposed upon revoking his supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

———————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

In 2015, Gunderson pled guilty to traveling with the intent to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423(b), and was sentenced to 60 months' imprisonment with 10 years of supervised release. Following his discharge from federal custody in 2020, Gunderson commenced supervised release at a residential reentry facility, where staff soon discovered that he impermissibly possessed a smartphone. A search of the device revealed that Gunderson had messaged nude photographs of himself to others and visited pornographic websites, where he used search terms such as "preteen" and "adolescent." The Government thereafter sought to revoke Gunderson's supervised release. The district court granted the Government's petition and sentenced Gunderson to an additional eight months' imprisonment with five years of supervised release.

Gunderson recommenced supervised release in 2021, but the Government again filed a petition for revocation after reentry facility staff reported that he had used an employment travel pass to visit his girlfriend, refused to obtain an updated substance-abuse or mental-health evaluation, and failed to maintain employment. The district court granted the Government's petition and sentenced Gunderson to an additional eight months' imprisonment with four years of supervised release.

Gunderson commenced supervised release once more in 2022. Months later, the Government filed another petition for revocation after reentry facility staff reported that Gunderson had failed to attend sex-offender treatment, possessed a smartphone and attempted to destroy it, used a hygiene travel pass to rent a motel room, and twice failed to report to work. The Government also alleged that Gunderson was untruthful with the United States Probation Office. At his revocation hearing, Gunderson admitted the allegations, which constituted Grade C violations. The district court revoked his supervised release and sentenced him to 24 months' imprisonment—which represented an upward variance from the United States Sentencing Guidelines range of 4 to 10 months' imprisonment—followed by 4 years of supervised release.

Gunderson now appeals, arguing that the district court imposed a substantively unreasonable sentence. He specifically asserts that the district court abused its discretion by affording undue weight to the underlying violations while undervaluing his mental health history, difficult upbringing, and acceptance of responsibility, ultimately imposing a sentence that was "unduly harsh."

We review the reasonableness of a revocation sentence for an abuse of discretion. United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Doerr, 42 F.4th 914, 918 (8th Cir. 2022) (citation omitted). Although a district court must consider the relevant § 3553(a) factors incorporated in 18 U.S.C. §3583(e) when fashioning a revocation sentence, United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016), it need not make specific factual findings for each factor that it considers, United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). Rather, "[a]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Id. (citation omitted). Moreover, "[i]f [the district court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Clark, 998 F.3d 363, 370 (8th Cir. 2021) (second and third alterations in original) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)). Finally, "it will be the unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

Here, the district court heard argument from both parties regarding an appropriate sentence before stating that it had considered all of the § 3553(a) factors, noting that it had twice revoked Gunderson's supervised release but that the eight-month sentences accompanying both revocations "clearly had no impact." The

district court additionally found that Gunderson suffered from mental health issues but remarked that his criminal history, coupled with a demonstrable pattern of deception, evading supervision, and deviant sexual behavior, counseled in favor of "a long and serious restart." It also recognized that searches for pornography depicting "young kid[s]" had been discovered on a smartphone in Gunderson's possession, that an additional cellphone was now missing, and that Gunderson had impermissibly rented a motel room with the likely purpose of engaging in sexual activity, all of which were "deeply troubling" and indicated that he posed a safety risk to the community. In all, the district court found that the circumstances of the case warranted an upward variance.

Although Gunderson disagrees with this assessment, a district court has wide latitude under § 3553(a) to lend more weight to some sentencing factors than it does to others; his mere dissatisfaction in this regard does not indicate an abuse of discretion. United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021). Accordingly, we are satisfied that the district court was aware of the relevant sentencing factors and conducted an individualized assessment applying those factors before varying upward. E.g., Clark, 998 F.3d at 370 (finding that an upward variance was substantively reasonable where the district court "justified its decision based on [the defendant]'s repeated violations of supervised release, his history and characteristics, and the need to protect the public"). Therefore, upon finding no abuse of discretion, we conclude that the district court imposed a substantively reasonable sentence.[2]

The judgment of the district court is affirmed.

_____

---

[2]Gunderson also argues that the district court improperly relied on USSG § 7B1.4, comment. (n.3), which states that an upward departure may be warranted for a "Grade C violation that is associated with a high risk of new felonious conduct." Nowhere does the record indicate or allow this Court to infer that the district court or the United States Probation Office relied on this application note in fashioning Gunderson's sentence.