# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2290

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Terrell Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 17, 2023
Filed: February 8, 2024
[Unpublished]

_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony Jones challenges the substantive reasonableness of the 24-month sentence that the district court[1] imposed upon revoking his supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

I.

Jones pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 30 months' imprisonment with 3 years of supervised release to follow. Soon after commencing supervised release in 2022, the United States Probation Office issued a report alleging that Jones had violated several release conditions by consuming alcohol and drugs and removing a sweat patch to evade detection. Less than a week later, the Probation Office issued a second report alleging that Jones had violated several more release conditions by disobeying the directions of his probation officer and failing to participate in psychosexual- and alcohol-monitoring evaluations. The report further noted that Jones was not amenable to supervision and frequently—often combatively—resisted the Probation Office's directives. Pursuant to the report's recommendation, the district court ordered a show-cause hearing. Before the hearing, the Probation Office issued three additional reports alleging that Jones had violated his release conditions by repeatedly using drugs and failing to participate in substance-abuse counseling.

Jones failed to appear at his show-cause hearing, which constituted another violation of a release condition. Jones was apprehended five weeks later at the home of a convicted felon, where law enforcement discovered marijuana inside the residence and on Jones's person. The district court subsequently ordered a revocation hearing, and the Probation Office issued another report alleging that Jones had violated three additional release conditions by living in an unapproved residence, interacting with a known felon, and possessing drugs. At his revocation hearing, Jones admitted six of the eight alleged violations, which were categorized as Grade C. The district court sentenced him to the statutory maximum of 24 months' imprisonment, varying upward from the United States Sentencing Guidelines range of 8 to 14 months' imprisonment.

## II.

Jones appeals, arguing that the district court abused its discretion by imposing a substantively unreasonable sentence. "We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Doerr, 42 F.4th 914, 918 (8th Cir. 2022) (citation omitted).

## A.

Jones first asserts that the district court failed to adequately justify its decision to vary upward. In fashioning a revocation sentence, a district court should consider the 18 U.S.C. § 3553(a) sentencing factors incorporated in 18 U.S.C. § 3583(e), United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016), and "make an individualized assessment based on the facts presented," Gall v. United States, 552 U.S. 38, 50 (2007). "If [a district court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. DeMarrias, 895 F.3d 570, 574 (8th Cir. 2018) (citation omitted). In this vein, a district court need not make specific factual findings for each factor that it considers. United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). Rather, "[a]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Id. (citation omitted).

Here, the district court conducted an individualized assessment after determining the Guidelines range, finding that Jones demonstrated "a pattern of noncompliant behavior" and was extremely disrespectful to law enforcement and court staff. On one occasion, for example, Jones sent a text message to his probation officer requesting to purchase a joint of marijuana from her, which the district court opined demonstrated a "flagrant disregard" for the justice system. The district court further noted the significant resources that the Probation Office had expended to admit Jones to an inpatient rehabilitation program, a decision that proved to be an exercise in futility given Jones's subsequent misconduct. It ultimately found that Jones's combativeness and obstinance frustrated the purpose of supervised release, which was to encourage Jones "to change [his] behavior to conform with societal expectations."

While the district court did not explicitly reference the § 3553(a) factors incorporated in § 3583(e), it heard argument from the Government that Jones had been uncooperative and exhibited recidivist tendencies, along with rebuttal from Jones's attorney that he had accepted responsibility and needed rehabilitation. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (finding that knowledge of the relevant § 3553(a) factors could be "inferred from the record," including through arguments from counsel). Moreover, we note that the district judge who presided over Jones's revocation hearing also presided over his original sentencing. See Miller, 557 F.3d at 918 (finding that the judge who presided over both the original and revocation sentencing proceedings was "fully apprised" of the defendant's history and characteristics). Accordingly, we are satisfied that the district court sufficiently justified its decision to vary upward from the Guidelines range.

B.

Jones next contends that the district court created an unwarranted sentencing disparity by varying upward from the bottom of his Guidelines range by 300%. We have repeatedly "rejected this percentage-based argument, noting that deviations

from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low and concluding that the percentage of the variance is thus not sufficient in and of itself to find a defendant's sentence substantively unreasonable." United States v. Clark, 998 F.3d 363, 369 (8th Cir. 2021) (citation omitted) (finding that an upward variance of 400% from the bottom of the defendant's Guidelines range was substantively reasonable). Jones also argues that his sentence violates the Supreme Court's admonition that the Guidelines are meant "to secure nationwide consistency." Gall, 552 U.S. at 49. But "the Guidelines are not the only consideration" and indeed serve only as the "starting point." Id. As already discussed, the district court acknowledged the Guidelines range before engaging in an individualized assessment of Jones's circumstances, providing a reasoned justification for its upward variance. See Clark, 998 F.3d at 370 (rejecting the same argument where the district court provided sufficient reasoning for its sentencing decision).[2]

## C.

Jones finally asserts that his sentence is greater than necessary to achieve the objectives of federal sentencing. See 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." We have often "stated that variances are appropriate based on repeated violations of supervised release." United States v. Hall, 931 F.3d 694, 698 (8th Cir. 2019). Here, Jones admitted violating six of his release conditions, and many of the violations involved misconduct that the district court found egregious. See United States v. Steele, 899 F.3d 635, 639 (8th Cir. 2018) ("Conducting an individualized assessment under section 3553(a) can certainly include accounting for past misconduct and a 'terrible history' on supervised release."). Jones contends

---

[2]Jones's reference to a 2020 report published by the United States Sentencing Commission is unpersuasive. Statistics in the report show that *nearly 15%* of all defendants who committed Grade C violations were sentenced to terms exceeding their Guidelines ranges, a significant percentage given that the report analyzed over 59,000 Grade C violations.

that the district court did not consider the mitigating evidence, such as his desire to seek continued mental health treatment. However, the district court properly exercised its wide latitude to afford the weight it saw fit to each relevant factor. See United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021) ("A defendant's dissatisfaction with a district court's balancing of the § 3553(a) factors does not indicate that the district court abused its discretion."). Therefore, upon finding no abuse of discretion, we conclude that the district court imposed a substantively reasonable sentence.

III.

The judgment of the district court is affirmed.

_____