# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3540
_____

United States of America

*Plaintiff - Appellee*

v.

LaAnthony Cletae Cain

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska
_____

Submitted: September 21, 2020
Filed: September 24, 2020
[Published]
_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

LaAnthony Cletae Cain admitted violating the terms of his supervised release. The district court[1] sentenced him to 48 months in prison. He appeals, claiming the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

In 2006, Cain was convicted of conspiracy to distribute crack cocaine. *See United States v. Cain*, 487 F.3d 1108 (8th Cir. 2007). Initially sentenced to 292 months in prison with five years of supervised release, guideline changes eventually reduced his sentence to 151 months with five years of supervised release. His five-year term of supervised release began in 2016. Within 14 months, he was revoked for testing positive for cocaine nine times over a six-month period. This case concerns his second revocation. At the revocation hearing, the probation officer said that in state court, Cain had pled guilty to attempted possession of five baggies of methamphetamine with a combined total weight of 19.7 grams—indicating attempted sales because his addictions were to cocaine and alcohol, not meth.

Cain attacks the substantive reasonableness of his revocation sentence. This court reviews a revocation sentence by the same standards applied to an initial sentence. *United States v. Miller*, 557 F.3d 910, 915-16 (8th Cir. 2009), *citing United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005). This court reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012), *citing United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012).

Cain argues that the district court abused its discretion when it imposed a 48-month sentence for his supervised release violations. "A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. McGhee*, 869 F.3d 703, 706 (8th Cir. 2017), *quoting Miller*, 557 F.3d at 917. Cain contends that the district court should have given more weight to the guidelines range of 5-11 months. Stressing that his probation officer recommended 8 months plus 24 months of supervised release, he asserts that the district court failed to consider a relevant factor.

At the revocation hearing, the district judge—who had presided over his trial and prior revocation—stated:

To reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further offenses of the offender, more generally to satisfy the statutory goals of sentencing, and recognizing the numerous and repeated violations of the terms of supervision dictate that a lesser sentence would significantly depreciate the seriousness of the defendant's refusal to abide by his terms of supervision and that the defendant cannot adequately be supervised in a setting less restrictive than prison, and recognizing that the conduct requiring revocation is associated with a high risk of new felonious conduct, and recognizing that the defendant is in need of drug or alcohol treatment that can be best provided in prison, I sentence defendant to 48 months in prison with no supervised release to follow.

The maximum penalty for Cain's violations was five years, with supervised release possible for life. Deviating from the Guidelines, the district court used its "'wide latitude' to weigh the [18 U.S.C.] § 3553(a) factors in each case and to assign some factors greater weight than others." *United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019), *quoting United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). The court appropriately considered the relevant factors and did not abuse its discretion. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.").

Cain believes he deserves a lesser sentence because the Sentencing Commission intended that noncompliance with the terms of supervised release is a "breach of trust," with punishment for new violations left to new sentences. *See* United States Sentencing Commission, Guidelines Manual, Ch. 7, Pt. A § (3)(b) (2018). According to Cain, the district court punished him for his new criminal misconduct. To the contrary, the court here did not indicate that Cain's revocation sentence is a punishment for his new criminal conduct. The court emphasized that the multiple violations of the terms of supervision demonstrate that the defendant cannot be adequately supervised outside prison, where he can also receive drug or alcohol treatment. The court mentions the new criminal conduct only to show that

the "conduct requiring revocation is associated with a high risk of new felonious conduct."

The district court did not abuse its discretion in imposing an above-guidelines revocation sentence. The sentence was not substantively unreasonable.

* * * * * * *

The judgment is affirmed.

_____