# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2832

_____

United States of America

*Plaintiff - Appellee*

v.

Kirk Flying Horse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: June 18, 2021
Filed: July 20, 2021
[Published]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In 2015, Kirk Flying Horse pleaded guilty to assaulting, resisting, and impeding a federal officer. See 18 U.S.C. § 111(a), (b). The district court[1] sentenced him to 30 months' imprisonment and a three-year term of supervised release. Flying Horse completed his initial term of imprisonment but has struggled to comply with the conditions of his supervised release because of his alcohol addiction.

Flying Horse began serving his first term of supervised release on November 1, 2017. The district court revoked his supervised release on June 24, 2019, after Flying Horse admitted to consuming alcoholic beverages, possessing marijuana, and failing to attend cognitive behavioral treatment. The court sentenced him to seven months' imprisonment and a 29-month term of supervised release.

The new term of supervised release began on September 16, 2019. Nine months into that term, Flying Horse's probation officer petitioned the district court to again revoke his supervised release because of a series of alleged violations. On August 17, 2020, Flying Horse admitted to consuming alcohol and using marijuana and methamphetamine, and the district court revoked his supervised release. The advisory Guidelines range for the revocation sentence was 6 to 12 months' imprisonment. See U.S. SENT'G COMM'N, *Guidelines Manual*, § 7B1.4 (2018). But the district court imposed the statutory maximum of 24 months' imprisonment, see 18 U.S.C. § 3583(e)(3), with no term of supervised release to follow. Flying Horse appeals, asserting that this sentence was substantively unreasonable.

We review the substantive reasonableness of a district court's revocation sentence under the same abuse of discretion standard that applies to initial sentencing proceedings. See United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011). A district court abuses its discretion if it "fails to consider a relevant factor that should

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Staten, 990 F.3d 631, 636 (8th Cir. 2021) (per curiam) (quoting United States v. Petersen, 848 F.3d 1153, 1157 (8th Cir. 2017)).

The district court properly consulted the 18 U.S.C. § 3553(a) factors and considered Flying Horse's struggle with alcohol addiction in selecting the sentence imposed. Although Flying Horse requested placement in a treatment facility instead of prison, the district court determined that his repeated supervised release violations warranted a custodial sentence. The court expressed particular concern about the physical danger Flying Horse had posed to others, including law enforcement officers, while intoxicated. And although the court acknowledged the obstacles to obtaining addiction treatment during the pandemic, it was less sympathetic to Flying Horse's failure to successfully complete any treatment program in the preceding 20 years. While Flying Horse's case presents mitigating circumstances, including his documented decades-long struggle with alcohol, the district court did not abuse its discretion in selecting the sentence imposed.

For these reasons, we affirm the district court's judgment.

_____