United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2341

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Seymour, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: March 14, 2022
Filed: July 27, 2022
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

While on supervised release, Eric Seymour, Jr., refused to allow his probation officer to search the home of Seymour's girlfriend where Seymour had just begun

residing. He appeals the district court's[1] revocation of his supervised release and subsequent sentence. We affirm.

## I. Background

Seymour was serving a second term of supervised release following his conviction for unlawfully possessing a firearm as a felon and his first revocation of supervised release for using prohibited drugs and failing to report for drug testing. Relevant here, one special condition of Seymour's supervised release required that he "submit to a search of" his "residence" and specified that "[f]ailure to submit to a search may be grounds for revocation."

Three days into Seymour's supervised release term, his probation officer conducted an unannounced visit of the apartment where he was residing. Seymour shared this apartment with his girlfriend and their children, but only his girlfriend was on the lease. The officer noticed Seymour was initially acting "loopy," which Seymour claimed was due to his double dosage of depression medication that day. So the officer tested Seymour for controlled substances, which came back negative. After administering the test, however, the officer observed a firearm accessory in an apartment bathroom. Not only was Seymour prohibited from possessing a firearm because he was a convicted felon, but one of his supervised release terms likewise prohibited him from possessing a firearm.

The officer then indicated he would search the entire apartment. Seymour's girlfriend consented to the search. But Seymour refused to consent and told the officer that the officer could search only Seymour's bedroom with his supervision. Undeterred, the officer asked Seymour for a copy of his judgment and commitment order—which he provided—and then read the search condition verbatim and explained to Seymour at least three times that his failure to submit to the search

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

could result in revocation of his supervised release. Even though Seymour acknowledged he understood, he still refused consent. Seymour claimed he refused to consent to the search to protect the privacy of his children. Seymour and the officer's interaction lasted about ninety minutes, after which the officer left without fully searching the apartment. The officer testified Seymour continually became more lucid as time passed and when the interaction ended, Seymour appeared able to understand what was going on and could properly answer questions.

Law enforcement arrested Seymour a few days later, and the government moved to revoke his supervised release. After holding a hearing with testimony from the officer and Seymour's girlfriend, the district court found Seymour clearly violated the special condition. The district court then revoked Seymour's supervised release and sentenced him to 10 months of imprisonment—a sentence within the United States Sentencing Guidelines Manual ("Guidelines") advisory range of 8 to 14 months of imprisonment, *see* U.S.S.G. § 7B1.4(a)—followed by 18 months of supervised release. Seymour appeals.

## II. Analysis

Seymour argues the district court (A) erroneously found he violated the special condition by not submitting to the search and (B) imposed a substantively unreasonable sentence. We address both arguments in turn.

### A. Special Condition Violation

A district court may "revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015). We review the district court's finding whether the government met this burden for clear error. *Id.* We "reverse only if we have a definite and firm conviction that the" district court erred. *Id.* (quoting *United States v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006)). We have no such conviction here.

The record supports the district court's finding that Seymour violated the search condition of supervised release. This condition required Seymour to submit to a search of his residence. He did not. When the officer requested permission to search the residence, Seymour denied consent to search beyond his bedroom even after his lease-holding girlfriend repeatedly consented and he was warned about the consequences of such refusal. Seymour admitted during his allocution that he refused to consent to the search. His refusal was a plain violation of the special condition.

In rebuttal, Seymour argues his refusal was involuntary because he was under the influence of his depression medication. But the district court did not clearly err in finding to the contrary. *See United States v. Magallon*, 984 F.3d 1263, 1280 (8th Cir. 2021) (stating we review voluntariness of consent to a search for clear error). A person's denial of consent is voluntary if he reasonably appreciated the nature and significance of his refusal. *See id.* Here, the record supports the finding Seymour reasonably appreciated the nature and significance of his refusal. Testimony showed that while Seymour may have seemed loopy at the beginning of the ninety-minute interaction, he understood what was happening by the end. Seymour's actions underscore his lucidity: he produced his judgment and commitment order for the officer, told the officer which areas of the apartment the officer could search, and acknowledged his refusal could result in revocation. Seymour's supposed justification for refusing consent—to protect the children's privacy—only bolsters the finding that Seymour reasonably appreciated the nature and significance of his refusal.

Grasping at straws, Seymour argues his refusal does not matter because his lease-holding girlfriend consented to the search. But her consent is irrelevant because Seymour's refusal violated the special condition.[2] And the special condition

---

[2]Seymour does not argue he lacked authority as a roommate or non-leaseholder to consent to a search of portions of the apartment that were not a

clearly stated that his refusal to submit to a search may result in revocation. We thus affirm the district court's revocation of Seymour's supervised release.

## B. Substantive Reasonableness

We review the substantive reasonableness of a revocation sentence "under a deferential abuse-of-discretion standard." *United States v. Cain*, 976 F.3d 778, 779 (8th Cir. 2020). A district court imposing a revocation sentence should consider the 18 U.S.C. § 3553(a) sentencing factors. *United States v. DeMarrias*, 895 F.3d 570, 573 (8th Cir. 2018). The district court need not "mechanically list" every factor, however, and we may affirm without specific findings on each factor "[i]f it is evident the district court was aware of the relevant factors in imposing the sentence." *Id.* (quoting *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (first quotation) and *United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016) (second quotation)). We give the district court "wide latitude to weigh the § 3553(a) factors" and to "assign some factors greater weight than others." *Id.* at 574 (quoting *United States v. White*, 816 F.3d 976, 988 (8th Cir. 2016)). We also presume revocation sentences within the Guidelines range, as here, are reasonable. *United States v. Mitchell*, 2 F.4th 786, 790 (8th Cir. 2021). Seymour does not rebut that presumption.

While the district court did not recite each § 3553(a) factor, it is evident the district court was aware of the relevant factors based on the revocation hearing dialogue which included both an evidentiary hearing outlining the special condition violation and sentencing arguments from both parties. The district court then explained the sentence was based on Seymour's extensive criminal history (criminal history category VI) and the needs for public safety, punishment, and deterrence. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). Seymour's arguments amount to nothing more than disagreement with the district court's application of the § 3553(a) factors. But this does not establish an abuse of discretion. *See United States v. Hubbs*, 18

common area or common living space. *See generally Georgia v. Randolph*, 547 U.S. 103 (2006).

F.4th 570, 573 (8th Cir. 2021). We conclude the district court's sentence of imprisonment and supervised release was reasonable and thus affirm the district court's judgment.

### III. Conclusion

For the reasons stated herein, we affirm the district court's judgment.

_____