# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-1984
_____

United States of America

*Plaintiff - Appellee*

v.

Rafeal Isaac Mendez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: September 19, 2022
Filed: October 3, 2022
[Unpublished]
_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Rafeal Isaac Mendez committed eight violations while on supervised release, and the district court[1] sentenced him to 14 months imprisonment, followed by 18

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

months supervised release. Mendez appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Originally, Mendez pled guilty to possessing a firearm as a convicted felon and was sentenced to 60 months imprisonment and 3 years supervised release. Mendez completed his term of imprisonment and commenced his supervised release on April 28, 2021. Four days later, on May 2, 2021, Mendez was charged with misdemeanor assault[2] and tested positive for alcohol during booking procedures. The next day, on May 3, 2021, Mendez admitted to his probation officer that he had used marijuana. Twenty-two days later, on May 25, 2021, Mendez failed to report to his probation officer for drug testing. Six days later, on June 1, 2021, Mendez again failed to report to his probation officer for drug testing. Mendez continued to abscond, and his whereabouts were unknown until his arrest on February 1, 2022, in connection with his assault charge. At the time of his arrest, Mendez tested positive for marijuana. The magistrate judge ordered Mendez to be released to an inpatient treatment program, where Mendez began treatment on March 28, 2022. Eleven days later, on April 8, 2022, Mendez was discharged from the program for threatening staff and failing to follow the rules and regulations of the facility. Mendez was then arrested, and the probation office filed a petition for revocation of Mendez's term of supervised release.

At the revocation hearing, Mendez admitted to the foregoing conduct, which constituted eight violations of his supervised release conditions. Based on a Grade C violation (the most serious grade applicable), and Mendez's criminal history score of VI, the district court calculated Mendez's Guidelines range to be 8-14 months imprisonment. After reviewing the record, the statements of counsel, Mendez's statement, the Guidelines, and the revocation sentencing factors under 18 U.S.C. § 3583(e), the district court sentenced Mendez to 14 months imprisonment, followed by 18 months supervised release.

---

[2]Ultimately, Mendez pled guilty to criminal mischief and domestic violence in state court.

Mendez appeals, arguing only that his sentence is substantively unreasonable. In determining whether to revoke a defendant's term of supervised release and impose a term of imprisonment, the district court must consider a subset of the typical sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e).[3] "This [C]ourt reviews a revocation sentence by the same standards applied to an initial sentence." United States v. Cain, 976 F.3d 778, 779 (8th Cir. 2020) (per curiam). Accordingly, "we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Barber, 4 F.4th 689, 692 (8th Cir. 2021) (per curiam) (citation omitted). Even so, "[t]he district court has wide latitude to weigh the [revocation-specific] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Id. (citation omitted).

Here, Mendez contends that the district court did not properly consider his "progress and introspection" and placed too much weight on the nature and circumstances of the conduct resulting in his revocation and his history and characteristics. The district court recounted each violation, specifically noting the time, or lack thereof, between them. Despite Mendez's claims of "progress," the district court concluded that his supervised release had been "just an abysmal abject catastrophe" due to his repeated violations. Moreover, the district court explicitly noted that it had considered Mendez's statement regarding his remorse, his difficulty in adjusting to life outside of prison, and his efforts to improve. Ultimately, we view

---

[3]Under § 3583(e), the district court must consider § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Id.

Mendez's argument as a disagreement with the district court's balancing of the relevant § 3553(a) factors. Such disagreement is insufficient to establish that a sentence is substantively unreasonable, especially in light of Mendez's within-Guidelines-range sentence. See Campbell, 986 F.3d at 800.

For the foregoing reasons, we affirm the judgment of the district court.

_____