United States Court of Appeals

For the Eighth Circuit

_____

No. 22-3104

_____

United States of America

*Plaintiff - Appellee*

v.

Vernon Dean Boney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 13, 2023
Filed: April 25, 2023
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After Vernon Boney violated the terms of his supervised release, the district court[1] imposed an above-Guidelines sentence of 12 months' imprisonment to be

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

followed by five years of supervised release. On appeal, Boney contends his sentence is substantively unreasonable. We affirm.

In 2015, Boney was convicted of sexual abuse of a minor and sentenced to a 41-month imprisonment term to be followed by 20 years of supervised release. After Boney's release from custody, he violated his release terms. He was twice placed in a residential reentry center. After additional violations, Boney's release was revoked and the court sentenced him to serve six months in custody followed by 10 years of supervised release.

Boney continued to have difficulties with supervision following his release from custody. Throughout 2022, he had a number of violations, including continued methamphetamine use, failure to participate in substance abuse testing, failure to attend an in-home meeting with his probation officer, and termination from a sex offender treatment program for failure to participate. On August 11, 2022, the supervising probation officer sought revocation of Boney's supervised release.

At the revocation hearing giving rise to this appeal, Boney admitted the violations, and the court found an applicable revocation Guidelines range of three to nine months. Defense counsel requested that Boney be placed at a residential reentry center or alternatively receive a term of imprisonment with no supervision to follow. The government sought an upward variance, seeking a 16-month sentence, arguing that Boney posed a risk to the public and deterrence was necessary to encourage Boney to comply with his supervised release conditions. After considering Boney's addiction problems, his need for sex offender treatment, his failure to meet requirements while on supervised release, the seriousness of the original offense, and the risk that Boney posed to the public, the district court imposed a 12-month sentence followed by five years of supervised release.

We review Boney's substantive reasonableness challenge to his revocation sentence for an abuse of discretion.[2] See United States v. Cain, 976 F.3d 778, 779-80 (8th Cir. 2020) (per curiam) (citations omitted). An abuse of discretion occurs "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Staten, 990 F.3d 631, 636 (8th Cir. 2021) (per curiam) (citation omitted).

Here, the district court considered the seriousness of Boney's offense, his history of failing to comply with supervision conditions, the risk he posed to the public, his need for substance abuse and sex offender treatment, and the advisory Guidelines range. While Boney claims the district court inadequately analyzed the sentencing factors, a district court is not required to exhaustively address each issue raised. This is especially true when, as here, the court gave a detailed and reasoned basis for its sentence. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (citation omitted). The record does not support Boney's contention that the district court failed to adequately consider a further halfway house placement. The district court could reasonably find that a period of incarceration was more appropriate given Boney's lack of success on supervision. See United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) (citation omitted) ("The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

We affirm the judgment of the district court.

_____

---

[2]Boney has submitted for filing a *pro se* supplemental brief. Typically, the Court does not address arguments in *pro se* filings when the defendant is represented by counsel. United States v. Gonzalez, 781 F.3d 422, 433 n.3 (8th Cir. 2015). Because Boney is represented by counsel, we deny his request to file a supplemental brief.