# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2130
_____

United States of America

*Plaintiff – Appellee*

v.

Latrael Mooring

*Defendant – Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: November 17, 2023
Filed: February 12, 2024
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After serving a 40-month sentence for unlawfully possessing a firearm as a felon, Latrael Mooring began a three-year term of supervised release. Mooring violated multiple terms of his release by, among other things, unlawfully possessing and using a controlled substance, failing to submit to mandatory drug tests, and

committing an assault in violation of state law. The district court[1] revoked Mooring's supervised release and, after calculating an advisory Guidelines range of 18 to 24 months of imprisonment, sentenced him to 18 months in prison followed by 12 months of supervised release. Mooring argues his revocation sentence was substantively unreasonable. We disagree and affirm.

We review the substantive reasonableness of a revocation sentence under an abuse of discretion standard and afford a presumption of reasonableness to a within-Guidelines sentence. *See United States v. Manuel*, 73 F.4th 989, 990 (8th Cir. 2023) (standard of review); *United States v. Harris*, 55 F.4th 1162, 1164 (8th Cir. 2022) (reasonableness presumption). "A district court abuses its discretion if it 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Horse*, 4 F.4th 687, 688–89 (8th Cir. 2021) (quoting *United States v. Staten*, 990 F.3d 631, 636 (8th Cir. 2021)).

Mooring argues the district court abused its discretion by punishing him for new criminal conduct rather than viewing it primarily as a breach of trust. *See* U.S.S.G. ch. 7, pt. A, intro. 3(b) (explaining the Commission favors "sanction[ing] primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator"). Our review of the record reveals otherwise. The district court appropriately expressed concern with Mooring's "history of assaultive conduct[,]" and there is no indication the district court was fashioning a sentence to punish Mooring for the instant violations rather than properly taking into account, to a limited degree, the seriousness of the violations. The district court reasoned Mooring's "fairly steady and consistent stream of violations" during his roughly 16 months on supervision showed Mooring did not "appear to be taking his supervised

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

release terribly seriously" and additional time in a custodial setting was necessary. This was not an abuse of discretion. *See United States v. Cain*, 976 F.3d 778, 780 (8th Cir. 2020) (rejecting an argument the district court improperly punished a defendant for new violations of criminal misconduct).

Mooring also argues the district court should have given more weight to his mitigating characteristics, including his history of substance abuse and mental health problems. But "[a] sentencing court has wide latitude to weigh the relevant factors and to assign some greater weight than others in determining an appropriate sentence." *United States v. Corn*, 47 F.4th 892, 898 (8th Cir. 2022). Here, the district court took Mooring's mitigating characteristics into account, balancing them along with the nature and characteristics of Mooring's offense, criminal history, and consistent refusal to comply with the terms of his supervised release. Mooring has shown nothing "more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *United States v. Long*, 906 F.3d 720, 728 (8th Cir. 2018) (quoting *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010)). And this is not enough for reversal on this record.

Accordingly, we affirm the district court's judgment.

_____